Nov. Term,
1858.

STIPP
v.
THE STATE.

STIPP *v.* THE STATE.

Indictment for murder, with a count for manslaughter. The defendant asked the Court to instruct the jury that if they found from the evidence that the person inflicting the mortal wound upon the deceased, was guilty of manslaughter only, and did not find that the defendant inflicted the mortal wound, and it was not proved beyond a reasonable doubt that he was present, aiding and assisting such person in giving the fatal blow, the defendant could not be convicted; for, in law, there could not be an accessory before the fact in a case of manslaughter.

*Held,* that the instruction was calculated to mislead the jury in this, that it seemed to confine the aiding, &c., to the act of inflicting the fatal blow.

*Quære,* whether there can be an accessory before the fact, in a case of manslaughter.

If several persons be engaged in a common illegal undertaking, and one of them commit a homicide, the others may be guilty, even as principals, of whatever grade of crime it may turn out to be, without having actually assisted in inflicting the fatal blow.

*Monday,*
*November* 22.

APPEAL from the *Parke* Circuit Court.

PERKINS, J.—Indictment against *Stipp* for the murder of *Willis Hart,* with a count for manslaughter. Trial, conviction of manslaughter, and sentence to ten years' hard labor in the penitentiary.

It appears that on the night of the commission of the homicide, *Joseph Russell, Willis Hart,* and his son, (a young lad,) *Abraham Stipp,* one *Spore, Hiram Phipps,* and others, were at *Miller's* grocery, in the town of *Montezuma, Parke* county, *Indiana;* that a game of cards was played, at the close of which *Russell* treated the company—twenty in number—and in paying at the bar, exhibited some twenty-five dollars in gold; that, from some appearances, *Hiram Phipps* was led to whisper to *Russell* that they were in a foul crowd, and had better leave, whereupon *Russell, Hart* and his son, and said *Phipps* withdrew, and started to go to the *Montezuma House. Spore* and *Stipp* followed, overtook them, and *Spore* insisted that *Russell* should go back and play again. He declined. *Spore* said he was no gentleman, &c. *Spore* and *Stipp* returned to the grocery, collected a crowd and came back to the vicinity of the tavern. *Spore* again insisted that *Russell* should go back and play. He refused. *Spore* abused and struck him. *Stipp* was

Nov. Term,
1858.

STIPP
v.
THE STATE.

then standing near *Hart*, and simultaneously with the attack by *Spore* upon *Russell*, witness, *Phipps*, was attacked by one of the crowd, and *Hart* was stabbed by another, and killed.

*Stipp* had insisted at the grocery, that witness, *Phipps*, should play with him, but he had declined. The assault was made about ten o'clock at night. There was no direct testimony that defendant, *Stipp*, was the individual who stabbed *Hart*, and the latter expressed the opinion, before he died, that *Stipp* was not the person.

We have stated sufficient of the facts for the purposes of this case.

The defendant asked the Court to instruct the jury that if they found from the evidence " that the person inflicting the mortal wound upon *Hart* was guilty of manslaughter only, and did not find that the defendant *Stipp* inflicted such mortal wound, and it was not proved beyond a reasonable doubt that he was present aiding and assisting such person in giving the fatal blow, then *Stipp* could not be convicted; for, in law, there could not be accessories before the fact in cases of manslaughter."

The Court refused this instruction.

In doing so, it is insisted the Court committed an error

Perhaps it may be true, that in manslaughter, as in misdemeanors, all who are guilty at all are principals, and that there can be no accessories; though the case of *Regina* v. *Gaylord*, 40 Eng. L. and Eq. 556, favors the idea that there may be such before the fact; still, we think the Court did not err in refusing the instruction. It was calculated to mislead the jury in this, that it seemed to confine the aiding, &c., necessary to constitute a principal in the offense, to the act of inflicting the fatal blow, when it was not necessary to the guilt of the defendant that it should be so limited.

We take it that if the defendant, *Stipp*, was engaged with the person who gave the blow which caused *Hart's* death, in a common illegal undertaking, he may have been guilty, as a principal, even, of the homicide committed, of whatever grade of crime it turned out to be, without hav-

ing actually assisted in inflicting the blow. If he was watching at a proper distance, to prevent surprise, or to intercept aid to the attacked, or to assist the one who actually committed the homicide in making his escape, &c., he may have been guilty as a principal. See 2 Wat. Archb. p. 249, *et seq.*

*Per Curiam.*—The judgment is affirmed with costs.

*J. P. Usher*, for the appellant.

*T. N. Rice*, for the state.