## WILEY *v*. THE STATE.

CRIMINAL LAW.—*Evidence.*—*Acts of Accomplice not on Trial.*—Where, on the trial of a criminal action, it is shown that other persons, with the defendant, were parties to the crime, though they are not on trial, their acts, doings, and sayings may be given in evidence against their accomplice who is on trial.

SAME.—*Supreme Court.*—*Evidence.*—Where, on appeal to the Supreme Court in a criminal action, all the evidence is not in the record, the judgment against the defendant will not be reversed because of the admission of evidence set out in the record, which, though otherwise inadmissible, might have been rendered competent by other admissible evidence not in the record.

From the Decatur Circuit Court.

*J. S. Scobey*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

PETTIT, J.—Information for a riot against five persons, the appellant only being on trial. Trial by the court, without a jury, and finding of guilty. Motion for a new trial overruled; and this ruling alone is urged as error for which the judgment should be reversed. The whole evidence is not in the record, but it is claimed that the court erred in admitting the following evidence:

Witness. " I saw Wm. Myers, on the outside of the house, take off his coat and throw it down, and go into the house. George Jones, Wm. Myers, Oscar Rybolt, Pierce and Hamlin Anderson were intoxicated. I saw Taylor at the post-office, also James R. Wiley, George Jones, Lou Pumphrey, —— Burney, Oscar Rybolt, Pierce, Wm. Myers,

and Hamlin Anderson, before the fuss at Henderson's. I have seen Barkley since, and saw him shortly after the difficulty at the store. He has a scar on his cheek that will disfigure him for life."

The whole evidence not being in the record, we cannot say that it was error to admit this. It is a well established rule in criminal practice, that when it is shown that other persons were parties to the. crime, though they are not on trial, their acts, doings and sayings may be given in evidence against their accomplice who is on trial. It may have been proved that all the persons named were parties to the crime.

The judgment is affirmed, at the costs of the appellant.