· NEVILL *v*. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Common Purpose.*—*Evidence.*—Where, on the trial of several defendants on an indictment for larceny, the evidence establishes, beyond a reasonable doubt, that the larceny charged was committed by some one of the defendants, in pursuance of a common purpose by all, the jury is warranted in finding each of them guilty, though the evidence leaves in doubt the identity of the particular defendant who took the property.

SAME.— *Testimony of Accomplice.*—A jury may find a defendant guilty solely on the evidence of a confessed accomplice. ·

SAME.—*Conspiracy.*—*Admissions.*—Where a conspiracy or common purpose, by several defendants, to commit a crime, is established, the admissions of each are admissible in evidence against all.

From the Posey Circuit Court.

*E. M. Spencer*, *W. Loudon* and *W. P. Edson*, for appellant.

*C. A. Buskirk*, Attorney General, *J. Brownlee*, Prosecuting Attorney, *S. M. Leavenworth* and *M. W. Pearse*, for the State.

BIDDLE, J.—John Nevill, Henry Nevill and James Gates were jointly indicted for grand larceny, in stealing a horse, the property of Henry Klotz.

John Nevill was tried and convicted.

By a motion for a new trial, which was overruled, he has presented several questions in the record for the consideration of this court, the main one being: Does the evidence support the verdict?

That a larceny was committed, as charged in the indictment, is proved beyond a reasonable doubt; that it was committed by John Nevill, Henry Nevill and James Gates, or by one of them, upon the joint and common purpose of them all, we think is also proved beyond a reasonable doubt, but by which one the act was committed, upon such joint and common purpose—if it was not committed by all—is not so clear. The evidence is too voluminous to set out in this opinion, but it has been read and carefully considered. ·

Between James Gates and John Nevill, the testimony is conflicting in some collateral points; but as to the fact that the horse was stolen, taken to Illinois and disposed of, there is no serious disagreement; and whether so stolen, taken and disposed of by the one or the other, if it was done in pursuance of a common purpose, is immaterial.

John Nevill and James Gates, being both indicted, stood in the same attitude to the case before the jury; and the jurors might believe the testimony of either, to the exclusion of the other, although Gates was partially impeached.

But it is insisted by the appellant that the only evidence to sustain the verdict is the testimony of James Gates, the accomplice, and that the jury should not have convicted solely on his testimony.

There is no rule of law which prevents a jury from convicting solely on the testimony of an accomplice. They may convict, when the testimony in such a case is sufficient to prove the guilt beyond a reasonable doubt. *Ulmer* v. *The State*, 14 Ind. 52. Besides, the verdict does not rest wholly on the testimony of the accomplice. He is sustained in some measure by other witnesses; and

there is no fact in the circumstances inconsistent with the guilt of the appellant. We think the evidence might fairly convince a jury that the appellant either committed the larceny himself or was accessory before the fact; in either of which cases he might properly be indicted and convicted as principal.

. Several questions arising upon the admission of certain evidence to the jury, over the objection and exception of the appellant, are presented by the record. It is urged that the admissions of Henry Nevill were not competent evidence against John Nevill, when made in his absence. At first view these questions might appear to be well presented; but, upon the ground that there was a conspiracy, and a common purpose, between Henry Nevill and John Nevill, to commit the larceny—to the proof of which .the evidence strongly tends—the validity of the objection to the testimony disappears at once; for it is well settled law, that, when a conspiracy is established, the admission of one conspirator is competent evidence against his co-conspirator. *Stipp* v. *The State*, 11 Ind. 62; *Williams* v. *The State*, 47 Ind. 568; *Wiley* v. *The State*, 52 Ind. 475. . We are satisfied with the conviction.

The judgment is affirmed.