JOHNSON, C. J.
The request which was refused when applied to the case on trial was in substance, that if Luke and William Jones, and Laban Stephens agreed to rob Lackey, and for that purpose armed themselves with deadly weapons, and went to his house after night, and, in furtherance of the plan, the Jones boys went in-to commit the robbery, while Stephens remained outside to aid and assist, and that while the two were inside engaged in attempting to commit the robbery, one of them intentionally killed Lackey, Stephens could not be held responsible for this killing, unless he had also previously agreed that Lackey’s life should be taken in the attempt to rob.
The charge as given was in substance, that though Stephens remained outside, yet if he had agreed with the Jones boys to commit the robbery, and was then assisting to commit the robbery, he was responsible for the intentional killing by Luke Jones, though he was outside the house, and although he had not previously agreed to the killing, if it was the *153 natural and probable consequence of tbe conspiracy to rob, and was in furtherance of the conspiracy. ,
Revised Statutes, § 6808, provides that whoever purposely, and either of deliberate and premeditated malice, or by means of poison, or perpetrating, or attempting to perpetrate, any rape, arson, robbery or burglary kills another, is guilty of murder in the first degree.”
By section 6804. “ Whoever aids abets or procures another to commit any offense, may be prosecuted and punished as if he were the principal offender.”
If Luke and William Jones had been indicted with Stephens for the robbery or attempted robbery of Lackey, the acts of the former in the commission of the robbery would be the acts of Stephens also, though he did not previously assent to the particular means employed to commit this crime, if he was engaged in the part assigned him in the robbery.
In the case at bar, the intentional killing by Luke Jones, while attempting to perpetrate a robbery, made him guilty of murder in the first degree, though he had not previously planned the killing but only the robbery. Premeditation in such a case is not essential.
The request refused, makes premeditation, or the assent to a previous agreement to kill, necessary to make Stephens liable for the killing by Luke Jones, while he was outside performing his assigned part in the crime of robbery.
If several are associated together to commit a robbery, and one of them, while all are engaged in the common design, intentionally kills the person they are attempting to rob, in furthercmce of the common purpose, all are- equally guilty, though the others had not previously consented to the killing, where such killing was done in the execution of the common purpose, and was a natural and probable result of the attempt to rob. People v. Vasques, 49 Cal. 560; State v. Shelledy, 8 Iowa, 477; United States v. Ross, 1 Gallison, 624; People v. Pool, 27 Cal. 572; State v. Nash, 7 Iowa, 347; Stipp v. State, 11 Ind. 62; 1 Bishop Crim. Law (7th Ed.) § 636; 2 Whart. Crim. Law (7th Ed.) § 998. This is in effect the charge given by the court.
*154 There wtrs an agreement among them to arm themselves and enter the house of Lackey to rob him. In furtherance of this plan, Stephens remained outside to watch and assist. While his confederates were perpetrating the robbery, or attempting to do so, one of them, Luke Jones, killed Lackey. It was left to the jury to say whether his act was the act of his associates as well as his own. If they found that such killing was in furtherance of the common plan, and was a natural and probable consequence of the attempt to rob, then his associates were responsible, though they had not previously agreed to the killing, and were not actually present, in the house, at the time.
In other words, each is presumed to have intended to authorize the other to kill, if, in perpetrating the robbery, it became a necessary means to its consummation.

Judgment affirmed.