## SCOTT *v.* THE STATE.

CRIMINAL LAW.—*Impeaching Witness, by Contradicting him*—Where, on the cross-examination of a witness for the State, he denies having made a certain statement indicating hostility toward the defendant, he may be contradicted.

SAME.—*Instruction Assuming Fact.*—The assumption by the court, in its instructions to the jury, of the existence of a fact in dispute on the trial, is erroneous.

From the Shelby Circuit Court.

*B. F. Love, G. M. Overstreet, A. B. Hunter, C. Byfield* and *L. Howland*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

WORDEN, J.—The appellant, John Scott, was indicted in the court below, for an assault upon one James R. Tucker, with intent to murder him, by shooting him with a pistol.

Upon trial by a jury he was convicted and sentenced to imprisonment in the state-prison for the period of two years, and fined in the sum of one dollar.

On the trial there was evidence tending to show, that, on the evening of the 1st of January last, there was a social party and dance at the house of Tucker, where the appellant went on that occasion, as it would seem, uninvited. There seemed to have been some difficulty before that time between the appellant and Tucker. That when Tucker found the

appellant in his house he directed him to go out, which he did, but returned again in the space of twenty or thirty minutes. When the appellant returned into the house, Tucker again ordered him out, but the appellant seeming to " stand upon the order of his going," Tucker seized him and pushed him out backwards at the door.

When the appellant and Tucker were thus out of the house, the appellant drew from his pocket a pistol and fired at Tucker, but missed him, the ball striking the side of the house. There was evidence tending to show that before the appellant shot, Tucker had stooped down and picked up a brickbat (two-thirds of a brick), and was about to strike the appellant with it, or throw it at him; but upon this point the evidence was quite conflicting. Perhaps it may be said that the evidence preponderated against the brickbat element in the case.

On the trial of the cause one James Weimer was an important witness for the State, who gave a detailed statement of the transaction as seen by him. On cross-examination by the defendant's counsel he was asked several questions designed to show that he took some interest in the matter, or had some feeling, against the defendant. He denied that he had a knife out during the progress of the difficulty, or that he had made threats to cut the defendant. One of the questions thus put was the following:

" Did you not say to 'Squire Fisher," (alluding to a conversation between the witness and Fisher about the difficulty, soon thereafter, and at the place thereof,) " 'it is well you stopped it when you did, for I had my knife out?' " The witness answered, " I did not."

At the proper time the defendant introduced 'Squire Fisher, who was a justice of the peace, and was present at the time of the difficulty, and offered to prove by him, that, at the residence of Tucker, shortly after the difficulty, and in speaking of it, the witness Weimer made the statement

contained in the question above set out; but, on objection by the State, the evidence was ruled out as irrelevant, and the defendant excepted.

We are of opinion, that the court erred in excluding the evidence thus offered. If the witness Weimer made the statement imputed to him, it indicated a feeling, to a greater or less extent, of hostility to the defendant. The evidence should have gone to the jury to enable them to put a just estimate upon the evidence of the witness.

"It has been held," says Mr. Greenleaf, "not irrelevant to the guilt or innocence of one charged with a crime, to enquire of the witness for the prosecution, in cross-examination, whether he has not expressed feelings of hostility towards the prisoner. The like enquiry may be made in a civil action; and if the witness denies the fact, he may be contradicted by other witnesses." 1 Greenl. Ev., sec. 450.

At section 455 of the same volume it is said: "There is certainly great force in the argument, that where a man's liberty, or his life, depends upon the testimony of another, it is of infinite importance that those who are to decide upon that testimony should know, to the greatest extent, how far the witness is to be trusted."

Some other evidence of a similar character was offered and rejected, which need not be specially noticed.

The following proposition is found in one of the charges to the jury, to which exception was taken:

"The prosecuting witness had the right, after he had invited the defendant to leave his house, and he had refused, to use such force as would be necessary to eject him, and also to require him to leave his yard."

This charge is objected to, because it assumes that a certain state of facts was shown to have existed, namely, that the prosecuting witness invited (this word was used, we suppose, in the sense of requested) the defendant to

leave his house, and that the defendant refused to do so. The charge seems to us to be open to the objection made, and is therefore erroneous. It clearly assumes that the prosecuting witness had invited the defendant to leave his house, and that the defendant had refused to do so.

These were matters for the exclusive determination of the jury, and they should not have been assumed by the court as established.

The court may propound the law to the jury, as applicable to a given state of facts, in case the jury should find the facts established; but it cannot rightfully assume the existence of the facts, not in some way conclusively admitted by the parties, and propound the law accordingly. *Conaway* v. *Shelton*, 3 Ind. 334; *Reynolds* v. *Cox*, 11 Ind. 262; *Staats* v. *Burke*, 16 Ind. 448; *Smathers* v. *The State*, 46 Ind. 447; *Barker* v. *The State*, 48 Ind. 163; *Doering* v. *The State*, 49 Ind. 56; *Matthews* v. *Story*, 54 Ind. 417; *Killian* v. *Eigenmann*, 57 Ind. 480.

The judgment below is reversed, and the cause remanded for a new trial. The clerk will give proper notice.