Johnson v. The State.

## JOHNSON v. THE STATE.

CRIMINAL LAW.—*Testimony of Accomplice.*—*Credibility of Witness.*—Though the testimony of a confessed accomplice should be carefully scrutinized by the court and jury trying a defendant, yet the defendant may be convicted on such testimony alone, if it be sufficiently satisfactory to the jury.

SAME.—*New Trial.*—*Bill of Exceptions.*—The truth of the grounds alleged in the motion as cause for a new trial must be made to appear by a bill of exceptions.

SAME.—*Record.*—*Evidence.*—A writing signed by the judge, and copied into a motion for a new trial, purporting to be a bill of exceptions containing questions put to the defendant, on cross-examination, while testifying as a witness, but containing no caption, and no statement that the alleged witness really had testified on the trial, forms no part of the record.

From the Owen Circuit Court.

*H. Richards, A. W. Fullerton, A. T. Rose, S. M. McGregor, E. E. Rose* and *E. Short*, for appellant.

*T. W. Woollen,* Attorney General, *S. O. Pickens,* Prosecuting Attorney, *W. M. Franklin, I. H. Fowler* and *W. Hickam,* for the State.

NIBLACK, J.—This was an indictment for arson.

The appellant, William F. Johnson, was jointly indicted with one Isaac E. Johnson, and the indictment contained two counts.

The first count charged the defendants with burning a stock of goods, wares and merchandise, belonging to the said Isaac E. Johnson, which had been insured against loss or damage by fire by the Phœnix Insurance Company of Brooklyn, with the intention of defrauding such insurance company.

The second count charged the defendants with burning a house, the property of one Finley B. Johnson, in which there was kept and stored a stock of goods, wares and merchandise, consisting of groceries, produce, drugs, medicines, paints and oils, belonging to the said Isaac E. Johnson, all of which property was insured against loss or damage by

fire by the said Phœnix Insurance Company of Brooklyn, with the like intent to defraud said insurance company.

The appellant entered a separate motion to quash both counts of the indictment, but the court refused to sustain his motion.

The cause, coming on for a separate trial as to the appellant, was submitted to a jury, and a verdict was returned finding him guilty as charged in the indictment, and fixing his punishment at a fine of fifty dollars, and imprisonment in the state-prison for the term of four years.

Over a motion for a new trial, a judgment of conviction was rendered upon the verdict.

The first error is assigned upon the refusal of the court to quash the indictment.

This indictment was before us in the case of *Johnson* v. *The State, ante,* p. 204, and for reasons there given was held to be sufficient. We still see no objection to the sufficiency of the indictment.

The next error is assigned upon the overruling of the appellant's motion for a new trial.

Under the motion for a new trial, several questions upon the evidence have been reserved by the appellant.

Upon the trial James Viquesney testified on behalf of the State, that he and the appellant burned the house and other property alleged in the indictment to have been burned, and that he was employed by Isaac E. Johnson, above named, to assist and to co-operate with the appellant in such burning, giving details as to the circumstances connected with his employment, as well as the burning of the property.

The only evidence directly connecting the appellant with the burning rested upon the testimony of this witness, who was corroborated by other witnesses in some of his statements as to collateral matters testified to by him, but not as to his direct charge against the appellant of having

set fire to the house. It was both proved and admitted upon the trial, that Viquesney's character for truth and veracity was bad.

The appellant insists, that, under such circumstances, the evidence was not sufficient to sustain the verdict.

The objections urged against the testimony of Viquesney went only to his credibility as a witness, and not to his competency, and it was a question for the jury to determine what credit, if any, they would give to such testimony, under all the circumstances attending the trial of the cause. It has been decided by this court, and we think correctly, that, while it is the duty of the court and jury to carefully scrutinize the testimony of an accomplice, yet a person may be convicted on the testimony of an accomplice alone, if his testimony shall be sufficiently satisfactory to the jury. *Ulmer* v. *The State*, 14 Ind. 52; *Stocking* v. *The State*, 7 Ind. 326.

The seventh and last cause assigned for a new trial, was substantially as follows:

" That the court erred in permitting counsel for the State to ask the defendant, when a witness in his own defence, upon cross-examination, certain questions, as will appear by bill of exceptions No. 2, filed herewith, which bill of exceptions No. 2 is in these words and figures, to wit : " Then followed a series of questions, enquiring whether the appellant had not been connected with, or aided and abetted in, the commission of certain other crimes mentioned and referred to in such questions, but without stating whether the appellant answered or declined to answer the questions thus propounded to him, and then adding: " ' To the propounding of each and all of said interrogatories to the defendant by plaintiff's counsel, the defendant, by his counsel, objected, for the reason that the same were irrelevant, inadmissible and immaterial, but the court overruled said objection and permitted said

questions to be put to the defendant, to all of which the defendant at the time excepted, and now prays that this, his bill of exceptions, may be now signed by the court, and made part of the record herein, which is now done, Jan'y 4th, 1879.        JOHN C. ROBINSON,

" 'J. O. C. C.   [SEAL.]'

" The defendant, by his counsel, objecting to said questions and answers to go before the jury, to which ruling of the court the defendant, by his counsel, at the time excepted."

It is quite evident that the appellant, in copying the so-called bill of exceptions into his causes for a new trial, intended that it should serve the double purpose of setting out the questions to which he objected, and at the same time verifying the fact that such questions had been propounded as therein stated. But the writing thus assumed to be copied as above has no caption or formal beginning. It does not state that the appellant testified as a witness on his own behalf upon the trial, nor that the questions objected to were put to him upon his cross-examination while so testifying, or indeed at any other time during the trial. It seems, in form, to be only the fragmentary or latter part of a bill of exceptions. It is nowhere else copied into, or referred to, in the record.

Under such circumstances we are of the opinion that this writing can not be treated as a bill of exceptions properly in the record, and consequently the seventh cause assigned for a new trial, as above set forth, presents no question for our consideration here. *Etter* v. *Armstrong*, 46 Ind. 197.

All the remaining questions discussed by counsel have been ruled upon and decided adversely to the appellant in the case of *Isaac E. Johnson* v. *The State*, *supra*, to which the reader of this opinion is referred.

We see no available error in the record.

The judgment is affirmed, at the costs of the appellant.