No. 10,905.

AYERS v. THE STATE.

88  275
151  328

CRIMINAL LAW.—*Evidence of Accomplice.*—A jury may convict on the testimony of an accomplice.

SAME.—*Practice.*—*Supreme Court.*—The Supreme Court will not reverse a judgment against a defendant in a criminal action because the record does not affirmatively show that he was asked to show cause why judgment should not be pronounced upon the verdict, especially if it is shown that he had full opportunity to make all motions that could have availed him.

---

Ayers *v.* The State.

---

From the Perry Circuit Court.

*C. H. Mason,* for appellant.

*F. T. Hord,* Attorney General, and *S. B. Hatfield,* Prosecuting Attorney, for the State.

ELLIOTT, J.—There is evidence sustaining the verdict of conviction rendered against the appellant, and we will not disturb it.

An accused may be convicted on the testimony of an accomplice. *Johnson* v. *State,* 65 Ind. 269; *Stocking* v. *State,* 7 Ind. 326; *Ulmer* v. *State,* 14 Ind. 52. Testimony of such a witness should be closely scrutinized and cautiously received; but, if upon due scrutiny it is found satisfactory, the jury may give it credit. In this instance the verdict does not rest alone on the testimony of the accomplice, for there is other evidence corroborating his statements.

The record does not affirmatively show that the appellant was called on to show cause why judgment should not be pronounced on the verdict; but it does affirmatively show that a motion for a new trial was made and overruled, and an appeal duly prayed. We are not prepared to decide that the case is not within the general rule that the court is presumed to have done its duty, and that as the record is silent the presumption is that the accused was duly called on to show cause why judgment should not be pronounced. However this may be, it is clear that no harm resulted to the appellant from the omission of the trial court. He had full opportunity, as the record shows, to make the only motion that could have brought him relief had he been entitled to it; he did make it, and did pray an appeal, and was thus awarded all the substantial rights that the .law accords him. We are not willing to reverse for a failure to ask a defendant why judgment should not be pronounced in a case where it appears that he had full opportunity to make all motions that could have possibly availed him. *McCorkle* v. *State,* 14 Ind. 39.

Judgment affirmed.