No. 11,424.

## STONE *v.* THE STATE, EX REL. HUFFINE.

SURETY OF THE PEACE.—*Issue.*—*Pleading and Proof.*—*Bond.*—While the affidavit in proceedings for surety of the peace must state that it is made "only to secure the protection of the law and not from anger or malice," yet the only issue for trial is whether the complainant had just cause for the fears stated, when the affidavit was filed, and if it be found affirmatively in the circuit court, surety must be required though such cause may then have ceased.

Stone *v.* The State, *ex rel.* Huffine.

SAME.—*Evidence.*—*Witness.*—In such case the affidavit and record of the defendant's conviction of an attempt to provoke an assault are not admissible for the defendant, such affidavit being in the general language of the statute and made by the complainant, and he having stated, as a witness, that he caused the prosecution.

From the Jasper Circuit Court.

*S. P. Thompson,* for appellant.

*D. Frazer, M. H. Walker,* Prosecuting Attorney, and *I. H. Phares,* for appellee.

ELLIOTT, C. J.—This prosecution was instituted by the relator to compel the appellant to enter into a recognizance to keep the peace.

The statute requires that the affidavit, in cases of this kind, shall state that the affidavit was made "only to secure the protection of the law and not from anger or malice," but in providing what the issue shall be, it is declared that: "The issue to be tried in such case shall be, whether the complaining witness has just cause to entertain the fears expressed in his affidavit," and this is the issue in the circuit court as well as in the justice's court. R. S. 1881, sections 1606, 1609, 1612. The effect of these statutory provisions is to dispense with proof of the averment that the affidavit was not made from anger or malice, and to confine the investigation to the question whether the defendant had just cause to entertain the fears expressed in his affidavit.

The court did not err in refusing to permit the appellant to introduce in evidence the record of the judgment of conviction in the prosecution instituted against him for attempting to provoke an assault. A conviction or an acquittal of such a charge could have no effect upon proceedings in a surety of the peace case.

The affidavit of the relator, filed in the prosecution for the offence of attempting to provoke an assault, did not in any respect contradict or explain his testimony upon the trial of the present case. No statements were contained in it which at all cast discredit upon his testimony, or tended to weaken

its force by way of contradiction. There were, in fact, no specific statements in that affidavit; it merely followed the general language of the statute. The affidavit under immediate mention was not admissible upon the ground that it tended to impair the force of the relator's testimony by contradiction.

There are other ways of weakening the force of a witness' testimony than by impeachment by evidence of contradictory statements, and one way is by showing the malice or ill-will of the witness. *Johnson* v. *Wiley*, 74 Ind. 233; *Scott* v. *State*, 64 Ind. 400; Taylor Ev., section 1298; 1 Greenl. Ev., section 450; Wharton Ev., sections 408, 561. Acts of hostility may be shown for the purpose of impairing the credit of the witness, and, perhaps, in cases of this character, it would be proper to show that the witness caused a prosecution to be instituted against the party; but even conceding this to be so, no injury was done the appellant because the relator testified that he caused the prosecution to be instituted. As the appellant proved by the relator's testimony all that the affidavit could have established had it been admitted in evidence, the error, if it was one, in excluding the offered evidence, was harmless.

The jury, in answer to interrogatories, found that when the affidavit was filed the relator had just cause for fear, but that no cause for fear existed at the time of the trial in the circuit court. The appellant moved to modify the judgment so that no bond should be required of him by the court, but this motion was overruled, and the court required a bond from him. We perceive no error in this ruling. The statute provides that " if the finding of the court be against the defendant on the issue as to whether the complaining witness had just cause to entertain the fears expressed in his affidavit when the same was filed before the justice, the court shall require of such defendant recognizance, with freehold surety, that he will keep the peace " for such a length of time as the court may direct. The effect of this provision is to submit a

single issue for trial, and to make it the duty of the court to require a bond in cases where that issue is decided against the defendant.

We can not disturb the verdict upon the evidence, but must respect the decision of the jury and the judgment of the trial judge, for there is evidence sustaining the verdict.

Judgment affirmed.

Filed Sept. 25, 1884.