## BREWSTER v. STATE OF INDIANA.

[No. 23,092. Filed February 15, 1917. Rehearing denied June 8, 1917.]

1. CONSPIRACY.—*Appeal.*—*Review.*—*Evidence.*—*Sufficiency.*— In a prosecution for conspiracy to commit arson based on §2647 Burns 1914, Acts 1905 p. 584, 742, where one of the alleged conspirators testified to conversations between himself and the accused in which the latter expressed some feeling against the occupant of the building subsequently burned and offered the witness a sum of money to fire the building in question, and that, after the accused had agreed to arrange with another "to stand good for the money," the witness without the knowledge of the defendant, procured another of the alleged conspirators to assist in starting the fire, such evidence is sufficient to support a judgment of conviction. pp. 371, 373.

2. CONSPIRACY.—*Criminal Conspiracy.*—*Nature of.*—*Statute.*— The term criminal conspiracy, as used in §2647 Burns 1914, Acts 1905 p. 584, 742, relating to conspiracies to commit felonies, means a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means. p. 371.

3. CONSPIRACY. — *Criminal Conspiracy.* — *Proof.* — Conspiracies need not be established by direct evidence of the act charged, but may be proved by a number of indefinite acts, conditions and circumstances which vary according to the purpose to be accomplished, and the existence of an agreement or joint assent of the minds need not be proved directly, but may be inferred from the other facts shown by the evidence. p. 372.

4. CONSPIRACY.—*Criminal Conspiracy.*—*Formation.*—*Proof.*—In establishing a conspiracy it is not necessary to prove that the defendants came together and actually agreed in terms to have the unlawful purpose and to pursue it by a common means, but if it is shown that the defendants pursued by their acts the same object, it is sufficient. p. 372.

5. CRIMINAL LAW. — *Merger of Offenses.* — *Crimes of Equal Grade.*—*Prosecution.*—*Election by State.*—The fact that the evidence may also tend to show that the accused was an accessory to the crime of arson does not prevent his conviction for conspiracy to commit such offense, the doctrine of merger of offenses having no application where the two crimes are of equal grade, and the State may elect which offense will be prosecuted. p. 373.

VOL. 186—24

6. . CRIMINAL LAW.—*Evidence.*—*Testimony of Accomplice.*—*Sufficiency to Sustain Conviction.*—Although the uncorroborated testimony of an accomplice should be received with caution, there is no rule of law forbidding a conviction on his evidence alone.   p. 373.

7. CRIMINAL LAW.—*Appeal.*—*Record.*—*Certifying Original Bill of Exceptions.*—Where an original bill of exceptions containing the instructions is embodied in the record and properly certified by the clerk of the court, it will be treated on appeal as though copied into the record in accordance with the statute and the questions presented will be reviewed.   p. 373.

8. CRIMINAL LAW. — *Trial.* — *Instructions.* — *Consideration as a Whole.*—Instructions are not to be considered by fragments, but as a whole, and if, when so considered, they state the law correctly, there is no error.   p. 374.

9. CRIMINAL LAW.— *Trial.*— *Instructions.*— *Incomplete.*— Error cannot be predicated on the giving of an instruction stating the law correctly as far as it goes, in the absence of a request for a more complete instruction and a denial of such request resulting in harm to defendant.   p. 374.

From Pike Circuit Court; *John L. Bretz*, Judge.

Prosecution by the State of Indiana against William Brewster.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Frank Ely* and *J. L. Sumner*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, and *Thomas H. Branaman*, for the State.

SPENCER, J.—Appellant was tried and convicted on an indictment which charges that he and three others, at a time and place fixed, "did then and there unlawfully, knowingly and feloniously unite, combine, conspire, confederate and agree to and with each other for the object and purpose, and with the unlawful and felonious intent to then and there unlawfully and feloniously, willfully and maliciously set fire to and burn a certain store building," etc.

In prosecuting this appeal, appellant earnestly insists that the circuit court erred in overruling his motion for a new trial for the reason, among others, that

the verdict of the jury is wholly unsupported by the evidence. It must be conceded that some of the evidence which was introduced in behalf of appellant tends to raise serious doubt as to the credibility of certain important witnesses for the State, but that issue has been determined by the verdict of the jury and we are now to consider that evidence on which such verdict must have been based.

It appears from the testimony of the witness Heacock, one of the alleged conspirators, that sometime prior to the attempted burning of the building in question, and during a conversation between witness and appellant, the latter expressed some feeling against the occupant of the place and offered Heacock fifty dollars to burn the store, but he refused to do so. The subject was mentioned on one or two occasions thereafter before witness agreed that he would start the fire if appellant would get one Coleman, another of the alleged conspirators, "to stand good for the money." Heacock asserted that appellant agreed to do this, and that Coleman afterwards said, to quote the witness, that "what me and that fellow were talking about was all right. He would see that I got that money when that happened." Thereupon, and without the knowledge of appellant, witness employed Harrell, the fourth alleged conspirator, to assist him in committing the act. Some features of this testimony are corroborated by that of other witnesses.

It must be borne in mind that the indictment is based on §2647 Burns 1914, Acts 1905 p. 584, 742, and charges appellant with conspiracy to commit a felony. The term "criminal conspiracy" is not susceptible of exact definition but, in general, has been said to be "a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose not

in itself criminal or unlawful by criminal or unlawful means." 5 R. C. L. 1061, §1. In another section of the same work, the law governing the proof of such a conspiracy is thus succinctly stated and well sustained by authority: "Conspiracies need not be established by direct evidence of the acts charged, but may and

3. generally must be proved by a number of indefinite acts, conditions and circumstances which vary according to the purposes to be accomplished. The very existence of a conspiracy is generally a matter of inference deduced from certain acts of the persons accused, done in pursuance of an apparently criminal or unlawful purpose in common between them. The existence of the agreement or joint assent of the minds need not be proved directly. It may be inferred by the jury from other facts proved. It is not necessary to prove that the defendants came together and

4. actually agreed in terms to have the unlawful purpose, and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another another part of the same so as to complete it, with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object. If, therefore, one concurs in a conspiracy, no proof of an agreement to concur is necessary in order to make him guilty." 5 R. C. L. 1088, §37, and authorities cited. See, also, Eacock v. State (1907), 169 Ind. 488, 502, 82 N. E. 1039; Cook v. State (1907), 169 Ind. 430, 433, 82 N. E. 1047; McKee v. State (1887), 111 Ind. 378, 383, 12 N. E. 510; Archer v. State (1886), 106 Ind. 426, 432, 7 N. E. 225.

The above statement, in its substance, covers each of the contentions made by appellant as to the sufficiency of the proof in this case and serves to sustain the ver-

dict of the jury that appellant is guilty of the offense charged. The fact that the evidence may also

5. tend to show that appellant was an accessory to the crime of arson does not prevent his conviction for conspiracy. The doctrine of merger of offenses can have no application where, as in this case, the two crimes are of equal grade, and it rests with the State to elect which it will prosecute. *Hamilton* v.

1. *State* (1871), 36 Ind. 280, 287, 10 Am. Rep. 22. The verdict of the jury is contrary neither to the law nor to the evidence. Although the uncor-

6. roborated testimony of an accomplice should be received with caution, yet there is no rule of law forbidding a conviction on his evidence alone. *Ayers* v. *State* (1882), 88 Ind. 275; *Johnson* v. *State* (1879), 65 Ind. 269; *Nevill* v. *State* (1878), 60 Ind. 308.

Such other grounds of the motion for a new trial as have not been waived by a failure to discuss the same in appellant's brief challenge the correctness of cer-

7. tain instructions given by the trial court. Appellee insists that these questions may not be considered for the reason that the instructions have not been properly brought into the record. The case of *Curless* v. *State* (1908), 172 Ind. 257, 87 N. E. 129, 88 N. E. 339, relied on by appellee, and similar decisions, were overruled by this court in *Spurlock* v. *State* (1916), 185 Ind. 638, 114 N. E. 209, and it is now the rule that where, as in this case, an original bill of exceptions containing the instructions is embodied in the record, and properly certified to by the clerk of the trial court, it will be treated on appeal as though copied into the record in accordance with the statutory direction.

Most of appellant's objections to the instructions, however, may be treated collectively and disposed of by

an application of the principles: (1) That instructions are not to be considered by fragments or separately, but as a whole, and if, when so considered, they state the law correctly there is no error. *Eacock* v. *State, supra.* (2) That error cannot be predicated on the giving of an instruction which states the law correctly as far as it goes, in the absence of a request for a more complete instruction and a denial of such request which results in harm to defendant. *Bartlow* v. *State* (1915), 183 Ind. 398, 401, 109 N. E. 201; *Harris* v. *State* (1900), 155 Ind. 265, 271, 58 N. E. 75.

The remaining objections, in their substance, have been disposed of by our conclusions above stated. No error appearing, the judgment of the trial court is affirmed.

NOTE.—Reported in 115 N. E. 54. See under (2, 3) 12 C. J. 547, 633; 8 Cyc 623, (5) 12 Cyc 134. Conspiracy, merger of offenses, 3 Am. St. 491.