SWARAT *v.* STATE OF INDIANA.

[No. 13,918.   Filed November 1, 1929.]

*Joseph T. Markey,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General for the State.

REMY, J.—Appellant, Marie McGlynn and Ray Mitchell were charged by indictment with the crime of conspiracy to commit a felony, and on the trial, the court found each of them guilty as charged, and adjudged that appellant and McGlynn each be fined $25, and be imprisoned in the Indiana Woman's Prison for a period of not less than two nor more than 14 years, and that Mitchell be fined $25, and be imprisoned in the Indiana Reformatory for a like period.

Separate motions for new trial were overruled, and separate appeals followed.

The only question presented by this appeal is as to the sufficiency of the evidence to sustain the finding of the court that appellant, Martha Swarat, is guilty of conspiracy as charged in the indictment.

The law is well established that conspiracy to commit a felony, as the offense is defined by statute (Acts 1905

p. 584, §641, §2882 Burns 1926), need not be proved by direct evidence. It may, and usually must, be proved by evidence that is wholly circumstantial. *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54.

It appears from the evidence introduced on the trial of the cause that, at the time in question, appellant, while in company with Marie McGlynn on the fourth floor of an Indianapolis department store, was seen by a police officer to take certain baby clothes, after which the two women, followed by the officer, went together to the first floor of the store, where the officer saw each of them take a scarf, the scarfs each being of the value of $4.95. About the time they took the scarfs, the women observed that the officer was watching them, and were seen to "nudge each other," whereupon, they separated, and appellant ran from the store, but was overtaken by the officer just as she stepped into an automobile which stood at the curb in front of the store. The officer followed her to the automobile, where she surrendered to the officer the baby clothes and scarf which she had stolen. In the automobile at the time was Ray Mitchell, who attempted to start the car, but was prevented from so doing by the officer. It also appears that when Mitchell saw the officer entering the car, he pushed the stolen articles down between him and appellant. Later, appellant stated to the officer that Mitchell had come to her the day before and told her that he and Marie McGlynn were going down town the next day "to make the stores," and requested her to go along; that Mitchell did not say that they were going down to steal, but that she "knew what they were going for," that the three did go down town together the next day in an automobile, and that Mitchell waited outside in the car while they went into the store. Appellant, testifying as a witness

in her own behalf, stated on cross-examination that she had previously been convicted for "shoplifting." The evidence further shows that, when Marie McGlynn left the store, she found that the automobile in which Mitchell was supposed to be waiting was gone, and that, instead of going to her own home, she went from the store directly to the home of appellant. The evidence points unerringly to an understanding on the part of the three to go to the store for the purpose of committing larceny. They made the plans the day before "to make the stores" together, and they went together in the same car, though they did not all live at the same place. When they arrived at the store, Mitchell waited in the car just outside; that fact is significant; the women were not to be gone long; the women were together when the articles were stolen; neither made a purchase; they remained together until they saw that their theft of the scarfs had been observed; when appellant had boarded the car in which Mitchell was waiting, Mitchell, upon seeing the officer, sought to hide from the officer the stolen articles; if there was no conspiracy, why did the McGlynn woman, when she left the store, go to the home of appellant instead of to her own residence? The finding of the court is sustained by sufficient evidence.

This cause has been decided on its merits, although there might have been an affirmance for failure of appellant to comply with the rules of this court in preparation of her brief.

Affirmed.