BRYANT *v*. STATE OF INDIANA.

[No. 29,080. Filed April 29, 1954.]

*Robert A. Buhler,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, and *Thomas M. Crowdus,* Deputy Attorney General, for appellee.

GILKISON, J.—Appellant, James R. Bryant, with one Harold Harris, was charged by affidavit in the Allen Circuit Court with robbing one Earl E. Doering of $14.00 in money of the United States, one bill-fold and one gold ring of the value of $50.00, by violence and by putting said Doering in fear, under Section 10-4101, Burns' 1942 Repl.

The sufficiency of the affidavit is not questioned in this court.

Without a plea, the cause was set for trial on April 21, 1953, and by agreement it was heard by the court without the intervention of a jury, resulting in a finding of guilty of robbery as charged and that the defendant is less than 21 years of age. The judgment of guilty was duly rendered and the appellant was sentenced to the Indiana State Reformatory for a period of not less than one year nor more than ten years.

A motion for a new trial was duly filed on the 22nd day of May, 1953, and was overruled on June 3, 1953.

The motion for new trial is that the decision is not sustained by sufficient evidence and is contrary to law. These reasons are not discussed in appellant's brief, and therefore we consider them as waived.

The motion also questions alleged error of law in sustaining objections of the State to certain questions asked by the defendant on cross-examination and re-cross-examination of state's witness, Donald Heater, and other witnesses. We find no error in the rulings on objections made in the matter of the examinations and cross-examinations of the other witnesses above mentioned, but feel that we must consider the alleged errors presented in the cross-examinations of state's witness, Donald Heater.

Defendant also properly presents a question concerning the overruling of his objection to a question asked by the state of its rebuttal witnesses, Edgar J. Prasse and Orvin T. Workinger, which we must consider.

It is shown by the evidence that Donald Heater was with the appellant and one Harold Harris when the crime charged was committed. He testified as a wit-

ness for the state. On cross-examination he was asked by appellant's attorney as follows:

"Q. How long prior to the 20th day of February had you been released from the penal institution, if you were?

Mr. Reiber: The state will object. If they are questioning the credibility of this man, the only question they should ask is if he was arrested, tried and convicted.

The Court: Objection sustained.

Q. And at that time in March of 1952, you were under arrest on a charge of receiving stolen property, which stolen property was the ring of Earl Doering, isn't that correct?

Mr. Reiber: The state objects for the reason that we are not trying this man. It is an attempt to make him out as defendant here.

The Court: Objection sustained. We are going too far afield.

Q. Were you arrested?

A. Sure I was arrested.

Q. For the possession of this ring?

Mr. Reiber: To which the state objects for the reason it has no bearing.

The Court: Objection sustained.

Q. You tried to sell this ring, didn't you?

Mr. Reiber: The state objects for the reason that it has no bearing upon his credibility in any manner whatsoever, nor on the guilt or innocence of this defendant.

Mr. Lincoln: If the man is a thief we have a right to show it.

The Court: Objection sustained.

Q. You were in the 113 Club that night, weren't you?

A. That's right.

Q. Was that the first time you ever saw Doering?

Mr. Reiber: The state objects to the question as to what took place in the 113 Club. We didn't ask about that on direct examination.

Mr. Lincoln: I want to make a record with this witness, Your Honor. Counsel can make all the objections that he wants to because I am going to ask about 200 questions.

Q. What time that night did you first meet Bryant?

Mr. Reiber: I object for the reason that the state did not go into that on direct examination. If the defense wants to go into those matters they can make this witness their own witness.

The Court: Objection sustained."

The defense then proceeded to ask this state's witness additional questions on cross-examination, covering eight additional pages of appellant's brief to each of which the court sustained objections.

This court in *Lavengood* v. *Lavengood* (1947), 225 Ind. 206 at page 214 et seq., has stated the law with reference to the cross-examination of a witness thus:

". . . A general rule applicable to the cross-examination of a witness, has been stated as follows:

■ 'The intent or motive of a witness is a legitimate subject of inquiry. Thus the motive of a witness to speak the truth or swear a falsehood should be considered. So the fact that a witness is influenced by financial considerations or is induced to testify by an offer of leniency in punishment affects his credibility.' 70 C. J. Witnesses, §921, p. 762; *City of South Bend* v. *Hardy* (1884), 98 Ind. 577, 49 Am. Rep. 792; *Kell* v. *State* (1924), 194 Ind. 374, 376, 377, 142 N. E. 865; *Pierson* v. *State* (1919), 188 Ind. 239, 243, 244, 245, 123 N. E. 118.

"Our court has frequently held that, 'Any fact tending to impair the credibility of the witness by showing his interest, bias, ignorance, motives, or that he is depraved in character, may be shown

in cross-examination, but the extent to which such cross-examination may be carried is within the sound discretion of the court. *City of South Bend v. Hardy, supra; Parker* v. *The State* (1894), 136 Ind. 284, 35 N. E. 1105; *Bessette* v. *The State* (1885), 101 Ind. 85; *Blough* v. *Parry* (1896), 144 Ind. 463, 479, 480, 482, 40 N. E. 70, 43 N. E. 560; *Spencer* v. *Robbins* (1886), 106 Ind. 580, 585, 586, 5 N. E. 726; *Houk* v. *Branson* (1896), 17 Ind. App. 119, 122, 45 N. E. 78; *Hinchcliffe* v. *Koontz* (1889), 121 Ind. 422, 425, 23 N. E. 271; §2-1725, Burns' 1946 Replacement.'

" '. . . The general rule of law is, that when a witness is cross-examined on matters collateral to the issues, his answer can not be subsequently contradicted by the party putting the question. . . . This rule, however, has no application where it is sought to show that the witness has an interest in the case, or that he is hostile to one of the parties to the suit, and if, on such cross-examination, the witness denies such hostility he may be contradicted by his own statements or acts. *Scott* v. *State,* 64 Ind. 400; *Johnson* v. *Wiley,* 74 Ind. 233; *Stone* v. *State ex rel.,* 97 Ind. 345; Wharton Crim. Ev. Sec. 484; Roscoe Crim. Ev. 102; *Newton* v. *Harris,* 6 N. Y. 345.' *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911; *Johnson* v. *Wiley* (1881), 74 Ind. 233, 237, 238, 239; *Scott* v. *State* (1878), 64 Ind. 400, 401, 402."

The questions noted above along with many others too numerous to copy in this opinion were proper questions on cross-examination and re-cross-examination of the witness, Donald Heater. Sustaining objections to each of them is reversible error. *Dotterer* v. *State* (1909) 172, Ind. 357, 361, 362, 88 N. E. 689.

The state called one Edgar J. Prasse as a rebuttal witness and asked him concerning the prosecuting witness as follows:

"Q. Are you acquainted with his reputation, in the neighborhood in which he lives, for truth and veracity?

Mr. Lincoln: To which the defendant objects for the reason that the reputation of the prosecuting witness is not in issue in this case for truth and veracity. There is no way it could be put in issue.

The Court: Objection overruled.

Q. What is that reputation—good or bad?
A. Good."

Defendant's motion to strike the answer was not ruled upon by the court. Thus the answer remained in the evidence.

Similar questions were asked by the state of rebuttal witness—Orvin T. Workinger, with similar objections from the defendant which were overruled by the court, and the witness answered: "I would say it (Mr. Doering's reputation for truth and veracity) was good." A motion to strike out the answer was overruled by the court.

A witness is presumed to speak the truth, and evidence of good reputation for truth and veracity of a witness is never admissible until that reputation has been put at issue by the evidence or otherwise.

The rulings admitting the evidence as to the good reputation of the prosecuting witness, Doering, by the witnesses, Prasse and Workinger, when that reputation had not been attacked, are reversible errors. *Pruitt* v. *Cox* (1863), 21 Ind. 15, 16; *Johnson* v. *State* (1863), 21 Ind. 329; *Clackner* v. *State* (1870), 33 Ind. 412, 413, 414; *Presser* v. *The State* (1881), 77 Ind. 274, 280; *Brann et ux.* v. *Campbell et ux.* (1882), 86 Ind. 516; *Fitzgerald, Trustee* v. *Goff* (1884), 99 Ind. 28, 33, 34; *Leinberger* v. *State* (1933), 204 Ind. 311, 315, 316, 183 N. E. 798.

In the case last cited above, Fansler, J., speaking for the court at pages 315, 316, said:

"After the defense had rested its case without attacking the reputation of the prosecuting witness, the state was permitted to prove her general reputation for virtue and chastity by a number of witnesses and the court instructed the jury that such evidence might be considered by them as affecting her credibility as a witness. This was error prejudicial to the rights of the defendants. It is well settled in this state that the character and reputation of a witness is presumed to be good until it is attacked, and the witness not having been impeached, the introducing party may not support the testimony of the witness by evidence of general reputation."   (authorities)

We are not inclined to evade, ignore or overrule the numerous authorities cited, and with which the action of the trial court is in conflict as noted.

We find no merit in other questions raised by appellant.

For the errors noted the judgment is reversed with instructions to grant the motion for new trial and further procedings agreeable with this opinion.

NOTE.—Reported in 118 N. E. 2d 894.