ACKER *v.* STATE OF INDIANA.

[No. 29,721. Filed May 27, 1959.]

*Wilbur F. Dassel,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Assistant Attorney General, for appellee.

ACHOR, C. J.—Appellant was convicted of embezzlement. A similar charge had been filed against an accomplice who in this action testified as a witness for the state. One of the errors asserted as grounds for new trial and here argued as cause for reversal is the refusal of the trial court to permit the accomplice to testify on cross-examination upon any subject regarding the case pending against him.

Specifically the appellant's counsel asked about the

case having been set for trial. To which inquiry the court stated: "Never mind that, don't answer that question." "Let this man's case alone." "Don't ask him any more about his case. We don't want it here, the Jury don't want to hear it." "We'll have nothing further about this man's case."

Refusal to permit the witness to testify was prejudicial error. Although the testimony of an accomplice is not rendered inadmissible because he is promised or lead to expect mitigation of his punishment, *Mattingly* v. *State* (1957), 236 Ind. 632, 636, 142 N. E. 2d 607, 609, nevertheless the testimony of an accomplice should be cautiously received and carefully scrutinized by the jury. *Ayers* v. *State* (1882), 88 Ind. 275, 276; *Stocking* v. *State* (1855), 7 Ind. 326, 330; *Johnson* v. *State* (1879), 65 Ind. 269, 271; *Brewster* v. *State* (1917), 186 Ind. 369, 373, 115 N. E. 54, and weighed by the jury according to its credibility.

Any fact tending to impair the credibility of a witness by showing his interest[1] is a material matter regarding which cross-examination is a right and not a mere privilege, and a denial of cross-examination upon such material matter is reversible error. *Bryant* v. *State* (1954), 233 Ind. 274, 278, 118 N. E. 2d 894; *Henry* v. *State* (1925), 196 Ind. 14, 20, 146 N. E. 822; *Marjason* v. *State* (1947), 225 Ind. 652, 654, 75 N. E. 2d 904.

---

1. " . . . A witness is interested to such an extent as will affect his credibility where he expects or hopes for leniency or immunity from punishment for a crime in return for the giving of his testimony and it is not necessary that the expectation should be well founded if the witness entertains it. . . ." 98 C.J.S., *Witnesses*, §545, p. 487. See also 98 C. J. S., *Witnesses*, §560 (h), p. 511.

Judgment is therefore reversed with instructions to sustain the motion for new trial.

Arterburn, Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 790.