WALKER *v.* STATE OF INDIANA.

[No. 30,175. Filed July 2, 1963. Rehearing denied September 13, 1963.]

*Kitley & Schreckengast,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was charged in the trial court by affidavit with the kidnapping and rape of a former female acquaintance of his and after a trial by the court in the absence of a jury, was convicted of kidnapping but granted a discharge on the rape charge.

He was sentenced to life imprisonment and he appeals from the judgment.

Among the errors urged on appeal are the rulings of the court below with reference to certain questions asked the prosecuting witness on cross-examination by appellant, viz:

"Q. How was it you did not let it be known [to the prosecutor] until July 6th, 1961? [Referring to a mistake in her previous statement before the grand jury as to where the kidnapping took place.]

"MR. HOLLAND: I object.

"THE COURT: I will sustain the objection."

. . . . .

"Q. Then the testimony you gave today is the fourth different account of what happened on the day in question?

"MR. HOLLAND: I object, that is argumentative.

"THE COURT: Sustained."

It is the contention of appellant that the foregoing questions asked of the prosecuting witness by appellant's counsel were proper cross-examination and that the court unduly restricted the cross-examination which sought to test the credibility of the witness.

Here it appears that the State's evidence depended almost entirely upon the testimony of the prosecuting witness who had signed the charges against appellant. The foregoing questions inquiring of the prosecuting witness as to why she did not let it be known until

July 6, 1961 (nine months after the incident), that she had made a mistake as to the place where the incident occurred and as to whether the testimony in court was not the fourth different account of what happened were obviously intended to test the memory and knowledge of the witness and bear upon her credibility.

The court may not properly deny the cross-examination of a party concerning facts connected with his own acts and statements relating to the case which tend to impair his credibility or show his interest, bias or motives as a witness. *Acker* v. *State* (1959), 239 Ind. 466, 467, 158 N. E. 2d 790; *Bryant* v. *State* (1954), 233 Ind. 274, 278, 118 N. E. 2d 894, 896; *Lavengood* v. *Lavengood* (1947), 225 Ind. 206, 214, 73 N. E. 2d 685, 688.

We must conclude appellant's right of cross-examination was so unduly limited by the trial court as to amount to an abuse of discretion for which this cause must be reversed and a new trial granted.

Judgment reversed with directions to sustain the motion for new trial.

Myers, C. J., and Arterburn and Jackson, JJ., concur; Achor, J., dissents.

NOTE.—Reported in 191 N. E. 2d 488.