DEXTER SIPES AND RONNIE LLOYD *v.* STATE OF INDIANA.

[No. 1-972A60. Filed March 6, 1973. Rehearng denied April 6, 1973.]

*Robert F. Craven, Craven & Milan,* of Indianapolis, *Carroll & Cottrell,* of counsel, of Indianapolis, for appellants.

**382**

*Theodore L. Sendak*, Attorney General, *A. Frank Gleaves, III*, Deputy Attorney General, for appellee.

LOWDERMILK, J.—The defendants-appellant, Dexter Sipes and Ronnie Lloyd, were charged by separate affidavits and the trials were consolidated and they were tried together for the offense of theft under Ind. Ann. Stat., § 10-3030 (Burns 1971 Cum. Supp.), which reads, in part, as follows, to-wit:

"Theft in general.—A person commits theft when he (1) knowingly:

(a) obtains or exerts unauthorized control over property of the owner; or

\* \* \*

(2) either:

(a) intends to deprive the owner of the use or benefit of the property; or

\* \* \*"

Prior to the trial of this cause by jury two other men, namely, Clarence Francis and Randolph Walls, who were involved in this alleged offense, had entered pleas of guilty and had already been sentenced and were serving time.

Appellants were tried by jury and convicted and after presentence investigation were sentenced.

Appellants timely filed their motion to correct errors, which was overruled by the court.

This appeal comes to us on five issues:

1. Denial of a fair trial due to irregularities in the proceedings of the court.

2. Whether the evidence is sufficient to support the verdict.

3. Whether the trial court erred in sustaining State's objections to certain questions propounded by counsel for the defense.

4. Whether the court erred in admitting certain exhibits into evidence.

5. The verdict is contrary to law because of State's failure

to prove each and every material allegation of the offense charged against the appellants.

Appellant Sipes owned and operated a service station and repair shop in Bedford and he secured the services of Francis and Walls in locating a Chevrolet automobile which would have a motor which would fit in one of two cars he was rebuilding.

Irvin McBride had parked a 1965 red Chevrolet Impala, of which he was the owner, on the parking lot of the G. E. Plant at Bedford, Indiana, on February 15, 1971, in the afternoon, and he learned that his car was gone at about 10:30 P.M. that night.

Appellant Sipes furnished Walls and Francis with an ignition system that would operate the McBride car and they took it from the parking lot to an abandoned quarry in Martin County, where they were met by the appellants herein, and the car was in part cut down by a cutting torch, wheels and tires removed and the motor and transmission cut loose in one piece and loaded in the truck of appellant Sipes where it was taken back to his place of business and left in the shop.

The stolen automobile, after stripping, was covered with gasoline, set on fire and abandoned and when found by the police was taken to a storage yard in Bedford.

Three photos were taken of the car in its burned condition and in the trial were offered into evidence over the objection of appellants. The objection was that the car was not identified as being owned by McBride, but the record shows a positive identification by McBride of the burned car being his from certain dents in the body that were made while it was still under his control.

Walls and Francis each testified that the car in question was the car that had been stolen from the G. E. parking lot, cut up, dismantled, and set on fire. Walls also identified the pictures of the car, the same being Exhibits 1, 2, and 3, and they were admitted into evidence. The pictures were also

identified by Harry Lavender, wrecker operator, who moved the car from the quarry to the police storage lot.

Appellants object to introduction of State's Exhibit 5, which was an owner's manual which was found near the burned automobile in the quarry and which the owner, Mr. McBride, identified as being his owner's manual and the same was, in our opinion, properly admitted into evidence.

There is a further objection that there was insufficient evidence that McBride did own the automobile. However, the owner's manual showed the engine number to be 164375N149169. An employee of the National Auto Theft Bureau testified that an examination of the car on the lot revealed the serial number 5N149169 stamped on the frame. He also found the vehicle identification number missing from the door jamb of the vehicle. He testified the car was a 1965 model Chevrolet Impala and that along with the numbers he found, "I was able to determine the entire vehicle identification number, which was 164375N149169." He further testified that as a result of his investigation he was able to determine the name of the last registered owner of the automobile in question was Irvin L. McBride.

This, in our opinion, is sufficient evidence to prove ownership and also identification and State's Exhibits 1, 2 and 3 were properly admitted into evidence.

Mr. McBride further testified that he did not give any other person permission to take the said automobile and that he removed the keys from the car when he parked it to go in to work.

There was evidence that Mr. McBride was paid $900.00 for the loss of the automobile by his insurance company and further evidence that the motor alone was of the value of $100.00.

Appellants next contend that the trial court erred in re-

fusing to permit State's witness, Clarence Francis, to answer questions propounded to him by defendants-appellants' counsel.

On cross-examination of Clarence Francis, appellants' counsel attempted to impeach his credibility by exacting proof of prior crimes. The witness was asked on cross examination if he had been a guest in the Morgan County jail, and he answered, "Yes, sir." He was next asked what he was up there for and to which objection was made by the State for the reason that it was not a proper way to impeach the witness for a prior crime.

Appellants' attorney insisted that he was going to the credibility of the witness to prove character. In an argument between the counsel, the Prosecuting Attorney told the defense counsel he must have the name of the court, the date, and the offense as a groundwork before the question would be proper and the trial judge told him there was a proper way to affect the credibility of a witness by former convictions "by asking if they were convicted of a certain offense and in what court and what date."

Appellants' counsel contended he only had to ask the witness if he had been involved in these things and the State contended it was only prior convictions that could be gone into to impeach and before the trial judge had time to rule, appellants' counsel made an offer to prove.

In the first instance, the law is so well settled that it needs no citation of authority that an offer to prove can be made only on direct examination and is totally improper on cross examination.

The trial judge was very patient with counsel and permitted him to make an offer to prove.

Although an offer to prove was improper, this being a criminal case we shall proceed to determine whether or not appellants were prejudiced by the court's ruling.

The witness testified he was waiting for trial in the Morgan

County jail and was asked if he was subsequently convicted of an offense up there, to which question the State objected for the reason the question was not in proper form and did not name the date, court and offense. The objection was sustained.

Another question followed, with a series of objections, and then the question "Is it not true that you were convicted of a felony in Morgan County after July 21, 1971, for which you're serving time now?" and to which the State objected for the same reason as above set out and the objection was sustained.

Counsel for appellants, at the conclusion of the offer to prove, attempted to interrogate the witness as to why he was in the Morgan County jail on July 21st, and the court would not permit him to answer.

An offer to prove, properly made, tells the court the exact facts which will be given by the witness if permitted to answer a question.

In our opinion, it was incumbent upon appellants' counsel to determine, either through discovery or by visiting the Morgan County Clerk's office, if the witness was charged with a crime, convicted, and if so, on what date and with what crime he was charged.

It was just too late for appellants' counsel to prepare his case after the trial commenced.

Appellants rely on the case of *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210. We are unable to find where this case is helpful to the appellants, for our Supreme Court, in passing on this precise question, said:

> "In the case at bar, counsel for plaintiff-appellant questioned the witness in regard to convictions for *any* crime. If counsel had a particular conviction in mind, he failed to make its nature known to the trial court by an offer to prove. Having determined that all crimes do not necessarily reflect on the credibility of the witness, we are of the opinion that the trial court did not err in excluding the question.

It appears that the question was nothing more than a 'fishing expedition' which, if answered, would not necessarily have revealed any admissible evidence. Such information could have been gained prior to trial by proper utilization of discovery."

We can only say further, in answer to appellants' contention that they were prejudiced, that the trial court correctly prohibited the improper procedure attempted to be followed by appellants' counsel.

Our Supreme Court, in *Valentine* v. *State* (1971), 257 Ind. 197, 273 N.E.2d 543, held that it is a well-established rule that in considering the sufficiency of the evidence, the reviewing court will consider only that evidence most favorable to the State; it will not weigh the evidence or determine the credibility of the witnesses. We are of the opinion that under the above rule there was an abundance of evidence from which the jury could arrive at the verdict it did.

Appellants assigned as error the court's overruling appellants' motion for directed verdict at the close of the State's evidence, but did not brief the same and has, therefore, under Rule AP. 8.3(A)(7) waived that specification of error.

Finding no reversible error, judgment is affirmed.

Robertson, P.J. and Lybrook, J., concur.