MICHAEL ANGELO THOMAS *v.* STATE OF INDIANA.

[No. 1-876A142. Filed March 16, 1977.]

*James L. Kiely,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellee.

## CASE SUMMARY

LOWDERMILK, J.—Defendant-appellant Michael A. Thomas appeals from his conviction in a jury trial of entering to commit a felony.[1]

We affirm.

---

1. IC 1971, 35-13-4-5.

## FACTS

Marlin Goebel, a witness for the appellee State of Indiana, had been convicted of possession of marijuana, had been convicted less than a year before Thomas' trial of five counts of possession of a controlled substance, and had received a suspended two-year sentence for the latter conviction. At the time of Thomas' trial, a charge of dealing in a controlled substance was pending against Goebel. Thomas claims that the witness was also on probation for the latter conviction at the time of Thomas' trial, although nothing in the record substantiates this claim.

The State filed a motion *in limine* seeking to prevent questioning of Goebel in the jury's presence about his prior convictions or his pending charge. Defense counsel argued that such cross-examination should be allowed inasmuch as it would possibly show a motive of Goebel to testify in favor of the State. The trial court granted the State's motion *in limine* as to Goebel's prior convictions but not as to the charge pending against him.

## ISSUE

Whether the trial court erred by prohibiting defense counsel from cross-examining Goebel about his prior criminal convictions.

## DECISION

Thomas contends that the trial court deprives him of his right to confront Goebel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.[2] See also Art. 1, § 13, Indiana Constitution.

2.  Although possession of a controlled substance is not a crime within the ambit of *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, we may not base our decision on said decision, which specified those crimes the conviction of which may be introduced in a general assault upon a witness' trustworthiness. Thomas sought to use Goebel's prior convictions in "[a] more particular attack on the witness' credibility": to reveal possible bias, prejudice, or ulterior motive. *Davis* v. *Alaska* (1974), 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347. E.g. *Clark* v. *State* (1976), 264 Ind. 524, 348 N.E.2d 27.

Judge Hoffman of this court recently surveyed this area of the law in *Borosh* v. *State* (1975), 166 Ind. App. 378, 336 N.E.2d 409, 412-413:

"It is well recognized that the Sixth Amendment right of confrontation includes the rights of cross-examination. *Davis* v. *Alaska* (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347. A number of decisions have held such right to cross-examination to be infringed upon where a defendant's counsel is wholly precluded from bringing before the jury on cross-examination relevant and substantial evidence bearing upon the credibility of a crucial witness against the accused. See, *Davis* v. *Alaska, supra; U.S.* v. *Duhart* (6th Cir., 1975), 511 F.2d 7; *Snyder* v. *Coiner* (4th Cir., 1975), 510 F.2d 224; *U.S.* v. *Harris* (9th Cir., 1974), 501 F.2d 1. Thus, it is clear that *only a total denial of access to such an area of cross-examination presents a constitutional issue. Any lesser curtailment of cross-examination by the trial court is viewed as a regulation of the scope of such examination,* and such curtailment is reviewable only for an abuse of discretion. *Brooks* v. *State* (1973), 259 Ind. 678, 291 N.E.2d 559." (Our Emphasis)

In the case at bar there was not a total denial of cross-examination as to whether Goebel had a motive to slant his testimony in order to curry favor with the State. Defense counsel cross-examined Goebel about the charge pending against him, its effect on his testimony, and any arrangement between the witness and the State.

Therefore, we must examine the facts of the instant case to determine whether the trial court abused its discretion when acting on the motion *in limine*. *Borosh* v. *State, supra.*

Thomas relies on *Davis* v. *Alaska, supra,* where reversible error was found in the court's prevention of cross-examination touching on the juvenile record and probationer status of the sole witness linking the defendant with the crime. The court stated at 415 U.S. 318:

"While counsel was permitted to ask Green *whether* he was biased, counsel was unable to make a record from which to argue *why* Green might have been biased or otherwise lacked that degree of impartiality expected of a witness at trial. On the basis of the limited cross-examination that

was permitted, the jury might well have thought that defense counsel was engaged in a speculative and baseless line of attack on the credibility of an apparently blameless witness or, as the prosecutor's objection put it, a 'rehash' of prior cross-examination. On these facts it seems clear to us that to make any such inquiry effective, defense counsel should have been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. Petitioner was thus denied the right of effective cross-examination which ' "would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." *Brookhart* v. *Janis,* 384 U.S. 1, 3, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314.' *Smith* v. *Illinois,* 390 U.S. 129, 131, 88 S.Ct. 748, 750, 19 L.Ed.2d 956 (1968)." (Original emphasis)

In the case at bar, defense counsel was permitted to cross-examine Goebel about the charge pending against him and thus was able to show the jury why the witness might be motivated to testify favorably for the State.

Goebel's alleged probationer status was not brought to the trial court's attention during the arguments on the State's motion *in limine*—although the witness' criminal record was produced in court. Nor did the trial court's ruling on the motion *in limine* encompass Goebel's *present* status as a probationer.

Goebel's testimony was not the only connection between Thomas and the crime. Two police officers testified that they found Thomas inside Goebel's van at 3 a.m. with Goebel's pistol in his pocket, and that Goebel's citizen band radio had been torn from its mounting and moved to the rear of the vehicle. Inasmuch as the officers' testimony showed that Thomas had committed a theft after entering Goebel's van, there was sufficient evidence to sustain Thomas' conviction even without Goebel's testimony. See *Bellamy* v. *State* (1975), 165 Ind. App. 27, 330 N.E.2d 377. See also *Lisenko* v. *State* (1976), 265 Ind. 488, 355 N.E.2d 841.

We therefore conclude that the curtailment of cross-examination of Goebel to exclude his prior convictions did not constitute an abuse of the trial court's discretion.

And we hold that the trial court did not err in rejecting Thomas' offer to prove, which covered what Goebel would have said if cross-examined about his prior convictions. The offer to prove was totally improper on cross-examination; an offer to prove can be made only on direct examination. *Sipes* v. *State* (1973), 155 Ind. App. 380, 293 N.E.2d 224; *Walker* v. *State* (1970), 255 Ind. 65, 262 N.E.2d 641.

Judgment affirmed.

Robertson, C.J., concurs; Lybrook, J., concurs with opinion.

## CONCURRING OPINION

LYBROOK, J.—While I concur in the result reached by the majority, I conclude that the trial court was in error in restricting the cross-examination of the State's witness. Since there was ample evidence shown by two other witnesses, I further conclude that the error was harmless.

After Goebel testified for the State the defendant had every right to cross-examine him completely as to his relationship with the State. The fact that he was under a suspended sentence should not have been kept from the jury, particularly when considered with both his past record and the pending charge. This combination strongly suggests the possibility that the suspension of his sentence might have been revoked, if he had not testified favorably to the State's case. The jury should have had access to this information in weighing Goebel's credibility.

In 98 C.J.S. *Witnesses* § 545 (1957), it is stated:

". . . A witness is interested to such an extent as will affect his credibility where he expects or hopes for leniency or immunity from punishment for a crime in return for the giving of his testimony . . ."

It is generally conceded that any fact tending to impair the

credibility of a witness by showing his interest is a material matter regarding which cross-examination is a right and not a mere privilege, and a denial of cross-examination upon such material matter is reversible error. *Acher* v. *State* (1959), 239 Ind. 466, 158 N.E.2d 790. In *Bryant* v. *State* (1954), 233 Ind. 274, 118 N.E.2d 894, the court specifically held that an offer of leniency in punishment affects a witness' credibility and makes the intent and motive of the witness a legitimate subject of inquiry. In *Walker* v. *State* (1963), 244 Ind. 258, 191 N.E.2d 488, our Supreme Court held that where the cross-examination of the prosecuting witness was unduly limited by the trial court, this amounted to an abuse of discretion resulting in the reversal of the cause. Similarly it has been held that a conviction should be reversed where the trial court refused to permit cross-examination of a State's witness concerning the fact that a reward had been offered for the conviction of the crime. *Bewley* v. *State* (1966), 247 Ind. 652, 220 N.E.2d 612.

Perhaps it has been best said by our Supreme Court in *Sears* v. *State* (1972), 258 Ind. 561, 282 N.E.2d 807, where in speaking of the latitude of cross-examination, the court said:

"... The right to vigorous cross-examination is fundamental to our adversary process, and wide latitude is allowed both sides in a dispute to ask pointed and relevant questions on cross-examination in an attempt to undermine the opposition's case. Thus, any doubt as to the legitimacy of a question on cross-examination should be resolved in favor of the questioner."

In the case at bar I fail to see any legal excuse supporting the court's exclusion of cross-examination, notwithstanding the trial court's wide discretion. However, in my opinion this discretion was abused. What we have said above will not affect the defendant's rights because of ample evidence from other sources. My concern is not for the disposition of the present case; but I am considerably apprehensive about the next one, if such a restrictive trend were to continue.

NOTE.—Reported at 360 N.E.2d 1006.