TRACY ANN GUISE *v.* STATE OF INDIANA.

*Lante K. Earnest,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

WHITE, J.—The appellant, Tracy Ann Guise (Guise), was found guilty after trial to the court of theft of under $100.00. Holding that Guise's right to cross-examine the State's principal witness was unduly curtailed, we reverse.

A security officer (Marschke) for Paul Harris Stores testified that she observed Guise take four women's pantsuits from a display rack, place them inside a plastic garbage bag and leave the store without paying. A second security officer testified that while inside the store she had observed Guise acting suspiciously and while outside the store had observed Guise leave with a full plastic bag. When she attempted to detain Guise she was cursed and threatened, a response that made her hesitate long enough for Guise to escape in a car that drove up. The theft and a detailed description of the escape car were reported to the police. The next day they stopped a car answering that description. Guise was a passenger in the car and pantsuits satisfying the description supplied by Marschke were found in the car's trunk.

The only direct evidence that Guise committed the crime charged is Marschke's testimony. The testimony of the other security officer and of the police officer who found the pantsuits tend to corroborate her testimony, but their evidence alone would not sustain a conviction. The other security officer did not see whether Guise paid for the items before leaving the store and there is no circumstantial evidence that the clothes found in the car had not passed through the checkout counter (e.g., no testimony that tags customarily removed at the counter were still attached). Thus Guise's conviction depends entirely on the credibility of Marschke's testimony.

During cross-examination Marschke was asked "Are you being paid to testify?" The State's objection that the question was outside the scope of the direct examination was sustained, despite Guise's argument that it was directed to Marschke's credibility. Nevertheless a party has the right to cross-examine an opposing party's witness on matters which tend to impair the witness' credibility or to show his or her interest, bias or motives. *Walker* v. *State* (1963), 244 Ind. 258, 260, 191 N.E.2d 488, 489. The possibility that a witness has a financial interest in the outcome of the trial is a proper subject for cross-examination. *Bryant* v. *State* (1954), 233 Ind. 274, 118 N.E.2d 894; *Bewley* v. *State* (1966), 247 Ind. 652, 220 N.E.2d 612. The court erred by precluding inquiry on this subject.

The judgment is reversed and the cause is remanded with instructions to grant a new trial.

Buchanan, P.J., concurs. Hoffman, J., participating by designation, concurs.

NOTE.—Reported at 359 N.E.2d 269.