BEWLEY ET AL. *v*. STATE OF INDIANA.

[No. 30,531. Filed October 21, 1966.]

*L. Keith Bulen,* of Indianapolis, for appellants.

*John J. Dillon,* Attorney General, and *Carl E. VanDorn,* Assistant Attorney General, for appellee.

ARTERBURN, J.—The appellants were charged with the commission of a felony (robbery) while armed. After trial by jury they were convicted as charged, and sentenced to imprisonment for ten years in the Indiana State Reformatory. They filed separate motions for a new trial. Appellant Dulworth's sole argument on appeal is that he did not have a speedy trial under the Constitution within the meaning of the two-term statute. Acts 1905, ch. 169 § 219, p. 632, as amended in Acts of 1927, ch. 132, § 12, p. 418, being Burns' Ind. Stat. Anno. § 9-1402 (1956 Repl.).

It appears that this argument is based upon a factual contention that although he was not in "jail" for two terms awaiting trial, he was in the state reformatory serving another sentence. This is not a legally sustainable contention by the appellant.

In *Finton* v. *State* (1963), 244 Ind. 396, 400, 193 N. E. 2d, 134, 137 we stated in this connection:

". . . it appears that the facts do not come within the provisions of Burns' § 9-1402 *supra,* as the words 'detained in jail, without trial' used in the statute have heretofore been construed by this Court not to be synonymous with confinement in a penitentiary for another crime."

It is further contended that the delay in trial prejudiced the appellant for the reason that if he had been convicted earlier, he would have served the sentence in this case concurrently with the one he was serving then at the State Prison. We think this point may be disposed of by saying that there is no constitutional right on the part of a criminal to serve his sentences concurrently for various crimes. To so hold would minimize the penalty for the commission of additional crimes, since the sentences could all be served more or less concurrently. We further point out that the delay in the trial in this case was not that of the State, but rather that of the appellant who, through his own fault, by his own acts, caused himself to be confined in the state penitentiary.

 What has been said disposes of the appeal of appellant Dulworth.

We come now to a consideration of the appeal of appellant Bewley. The appeal is limited to specifications in the motion for a new trial.

The State points out that specifications in the brief numbered 3 and 6 are not supported by citation of any authorities or precedent as required under Rule 2-17(e) and (f). We are reluctant to invoke this rule and not consider the specifications not properly presented, but we have no alternative in cases where the defect or violation of the rule has been pointed out to the opposing party, but the opposing party has made no attempt, by amendment or otherwise, to cure the omission, violation or defect. *Stern* v. *State* (1951), 230 Ind. 17, 101 N. E. 2d 67; *Wright* v. *State* (1959), 237 Ind. 593, 147 N. E. 2d 551; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Bennett* v. *James H. Drew Corporation* (1956), 126 Ind. App. 557, 133 N. E. 2d 886.

This cause, however, must be reversed on two grounds which are properly present for review. We consider both of them in order to avoid the same errors upon retrial.

Specification 4 sets forth that State's witness, Jerrell Handy, testified for the State and identified the appellants as the persons who had robbed him at the United Oil service station. He testified particularly as to certain identifying marks and the mask which one of the appellants wore. On cross-examination he was asked if it was not a fact that there was a reward offered for the conviction of the person or persons found guilty of the United Oil service station holdup. The court sustained an objection to such question on cross-examination. This appears to us to be a clearly erroneous ruling, since the interest of a witness in the outcome of a trial may always be shown. In *Walker* v. *State* (1963), 244 Ind. 258, 260, 191 N. E. 2d 488, 489, we said:

"The court may not properly deny the cross-examination of a party concerning facts connected with his own acts and statements relating to the case which tend to impair his credibility or show his interest, bias or motives as a witness."

In *Bryant* v. *State* (1953), 233 Ind. 274, 118 N. E. 2d 894, we said the fact that a witness may be influenced by financial considerations depending on the outcome of the case, affects his credibility.

Finally, in our opinion, the court erred in refusing to give appellant Bewley's tendered instructions 5 and 6. These two instructions stated that the crime of assault and battery is a lesser included offense of the crime charged, the commission of a felony while armed, namely robbery. With this contention we must agree.

Robbery, as defined in Burns' § 10-4101, includes the taking of property from a person both "by violence or by putting in fear." This necessarily includes not only an assault, but by reason of the violence, includes a battery. In this case the crime charged included the allegations of both the putting in fear as well as the allegation that the crime was committed "forcibly by violence." *Johnson* v. *Dowd, Warden* (1963), 244 Ind. 496, 193 N. E. 2d 906; *Hazlett* v. *State* (1951), 229 Ind. 577, 99 N. E. 2d 743.

On the part of the State it is urged that appellant's brief does not comply with Rule 2-17 of this Court by setting out all the instructions given by the court, and therefore we may presume that the court did give an instruction covering the principle involved and therefore did not commit error in refusing to give tendered instructions 5 and 6. We have examined the wording of Rule 2-17 and we find that it states that where error is predicated upon the refusal to give an instruction, the statement of the record must contain "all the instructions given or tendered which have *a bearing on the questions raised.*" It therefore was incumbent upon the appellant to set forth any instructions having

a bearing upon the tendered instructions refused, but there being no instructions given having a bearing thereon, it seems to us that the appellant was not obligated to set out all the miscellaneous instructions on the other issues. To us, the simpler and more expeditious thing for the appellee-State to have done would have been to set out any instruction which the State claimed covered the tendered instructions refused. The State did not do this, and we can well understand the reason, since there were no instructions given covering assault and battery as a lesser offense.

Although this Court is not obligated to search the record, we have nevertheless done so to satisfy our uncertainty on this point. The court did give an instruction that simple assault was an included offense, but gave no instruction that assault and battery was an included offense in the crime charged, namely the commission of a felony (robbery while armed). We find, therefore, that the court erred in refusing to give the tendered instructions.

Judgment as to appellant Dulworth is affirmed and as to appellant Bewley is reversed, with directions to grant a new trial.

Rakestraw, C. J., and Meyers, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 612.