SMELTZER *v*. STATE OF INDIANA.

[No. PS 109. Filed May 28, 1970. No petition for rehearing filed.]

*David Taylor Smeltzer, pro se,* for petitioner.

*William G. Bruns,* Deputy Prosecuting Attorney, of Muncie, for respondent.

HUNTER, C.J.—Petitioner, David Taylor Smeltzer, has filed in this Court a petition for a writ of mandate or in the alternative, a petition asking that this court assume jurisdiction of a demand for a fair and speedy trial. Said petition was filed *pro se* by petitioner who is currently an inmate at the Utah State Prison, Draper, Utah.

The events preceding the filing of this petition are as follows: On or about October 19, 1968, petitioner Smeltzer was arrested in Delaware County, Indiana, and charged in two counts with (1) physical injury inflicted by a deadly

weapon while engaged in a robbery and (2) armed robbery. The affidavit omitting the caption reads as follows:

## COUNT I

"DAVID TAYLOR SMELTZER on or about the 19th day of October 1968 at and in the County of Delaware, State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting in fear one Richard Laird, take from the person of the said Richard Laird United States Currency, of the value of Eighty Dollars ($80.00), which was then and there the property of William H. Church, Sr., d/b/a Bill's Liquors, and the said David Taylor Smeltzer, while engaged in committing the robbery as aforesaid, did then and there unlawfully and feloniously inflict a physical injury, to-wit: a wound in and upon the head of the said Richard Laird with the butt of a pistol, then and there held in the hand of the said David Taylor Smeltzer, . . ."

## COUNT II

". . . DAVID TAYLOR SMELTZER on or about the 19th day of October 1968 at and in the County of Delaware, State of Indiana, did then and there unlawfully, feloniously, forcibly, and by violence and putting in fear one Richard Laird, rob, take, and steal from the person of the said Richard Laird lawful currency of the United States of America, of the value of Eighty Dollars ($80.00), being then and there the property of William H. Church, Sr., d/b/a Bill's Liquors; the said David Taylor Smeltzer being then and there armed with a dangerous and deadly weapon, to-wit: a pistol, and the said David Taylor Smeltzer being a person then and there over sixteen (16) years of age; . . ."

Petitioner on October 19, 1968, was placed in pre-trial confinement in the Delaware County Jail on the above charges. On November 2, 1968, while still in confinement at said jail, petitioner escaped therefrom and fled to the State of Utah. While in Utah, he was tried for armed robbery, convicted and sentenced to not less than five [5] years nor more than life imprisonment by the District Court of the Third Judicial Circuit in and for Salt Lake County, Utah.

On May 23, 1969, petitioner who was and presently is incarcerated at the Utah State Prison, forwarded to the Delaware Superior Court No. 2, a demand for a fair and speedy trial in accordance with Indiana Supreme Court Rule 1-4D. He made demand on the court that he be tried prior to the expiration of his sentence at the Utah State Prison. A detainer warrant had been sent to that prison by Indiana authorities indicating an intent on the part of the prosecuting attorney of Delaware County to bring petitioner to trial when he was available.

The petition before this court prays that a writ of mandate issue commanding the prosecuting attorney to set aside all pending charges against petitioner and further, to order removal of the detainer warrant from the records of petitioner at the Utah State Prison. Alternatively petitioner prays that this court assume jurisdiction of the entire cause and enter judgment in accordance with our findings. Both prayers are based on the petitioner's assertion that he is being denied the right to a speedy trial. We hereby deny petitioner's prayers for relief and do so for the reasons set out immediately below.

It had heretofore been the rule in Indiana that a defendant need not be brought to trial on a subsequent charge while incarcerated either in this state or elsewhere on a prior conviction in order to preserve his right to a speedy trial. This was a well-recognized exception in this state to the constitutional right to a speedy trial embodied in both Rule 1-4D, *supra,* and its predecessor rule on discharge, Ind. Ann. Stat. § 9-1402 (1956 Repl.). *State* v. *Hadden* (1967), 248 Ind. 422, 234 N. E. 2d 499; *Bewley* v. *State* (1966), 247 Ind. 652, 220 N. E. 2d 612; *Finton* v. *State* (1963), 244 Ind. 396, 193 N. E. 2d 134. In *Hadden* the following quotation appears:

> "However, the general rule is that delay caused by the prisoner being imprisoned in another jurisdiction is not a violation of a constitutional right to a speedy trial. 21 Am. Jur. 2d, Criminal Law, 250, and this has been held to be

true even where the State authorities have failed to request the delivery of the accused to the state court. 22A C. J. S. Criminal Law § 472 (2)b, Note 79, and certiorari has been denied by the United States Supreme Court on a case in which this point was in question. *State of Minnesota* v. *Hall*, 266 Minn. 74, 123 N. W. 2d 116 (1963), cert. den. (1964), 375 U. S. 987, 84 S. Ct. 499, 11 L. Ed. 2d 423 (1964)." 234 N. E. 2d at 499.

However the United States Supreme Court has by its holding in the recent case of *Smith* v. *Hooey* (1969), 393 U. S. 374, 21 L. Ed. 2d 607, clearly invalidated this long-standing rule of law. In that case the court held that the Sixth Amendment right to a speedy trial made obligatory on the states by the Fourteenth Amendment may not be dispensed with because the accused under a state charge is serving a prison sentence imposed by another jurisdiction. The court held that, under such circumstances, the state, upon the accused's demand, has a constitutional duty to make a *diligent, good-faith effort to bring him before the trial court.*

The case before us falls squarely within the contemplation of *Smith* v. *Hooey, supra.* The petitioner is serving a sentence of from five [5] years to life imprisonment in the State of Utah, he has charges pending against him in the State of Indiana, and he has made a request to the Delaware Superior Court in this State that he be brought to trial on those charges. To date no such trial has occurred. Clearly the determination by this court as to whether or not we should mandate a dismissal of the charges in Indiana, turns upon whether or not the appropriate authorities have made a diligent, good-faith effort to bring petitioner to trial in this state.

In determining whether such an effort has in fact been made, we will look at all the facts and circumstances in each case, as well as the following specific indicia:

(1) the length of time which transpires between the demand by the accused for a speedy trial, and the initia-

tion of action by the proper authorities in this State to bring him to trial;

(2) the procedures followed by the State of Indiana in seeking the release of the accused from the jurisdiction in which he is incarcerated; and

(3) the compliance by the officials of the State of Indiana with the pertinent statutory provisions of the law of this state and of the incarcerating jurisdiction.

We hold as a matter of law that a diligent, good-faith effort has been made under the circumstances of this case and that the State of Indiana has fulfilled its constitutional duty.

The record reveals that on May 29, 1969, *within six [6] days* after petitioner Smeltzer demanded a speedy trial in the Delaware Superior Court, the prosecuting attorney of that county filed a formal petition with the Governor of Indiana, in accordance with Ind. Ann. Stat. § 9-441 (1956 Repl.) requesting that the Governor issue a requisition to the Governor of Utah, for the purpose of bringing petitioner back to Indiana for trial. In addition, the deputy prosecuting attorney of Delaware County communicated by letter the contents of said petition to the Attorney General of Indiana who in turn was in communication with the Warden of the Utah State Prison, the Executive Secretary of the Board of Pardons of the State of Utah, as well as the Extradition Clerk in the office of the Governor of Utah. It is unnecessary to set out the contents of all of these letters, suffice it to say that each reflected the Delaware County Prosecutor's familiarity with the requirements of *Smith* v. *Hooey, supra,* and his keen awareness of his constitutional duty arising thereunder. We believe that the utmost diligence and good-faith have been demonstrated by the authorities at every level in this state.

The requisition for the petitioner was issued by the Governor of Indiana to the Governor of Utah. On July 10, 1969, the Board of Pardons notified by letter the Deputy Prosecutor of Delaware County as follows:

"Dear Mr. Bruns:

Your letter of June 23, 1969, was discussed with the Board of Pardons during their regular meeting yesterday.

The Board's decision is to hold Smeltzer on his five year to life commitment for Robbery until such time as he would otherwise be eligible for discharge. While no definite date for his release will be set for several years, it is expected that he will serve at least five years or until February of 1974. He will be released to your jurisdiction at that time if you are still interested . . .

Very truly yours
/s/ L. W. Morris
Executive Secretary"

Although this letter is the latest communication received from authorities in Utah with respect to petitioner Smeltzer, there is some question in view of an earlier letter from the Governor's Extradition Clerk granting Indiana's extradition request, as to whether or not the authorities in Utah are complying with their own law. However, we believe that the resolution of any conflicts, or questions of non-compliance with Utah law by Utah officials, can and should be resolved by petitioner in the Utah state courts, not in Indiana.

In view of the above efforts of the State of Indiana and the decision of the State of Utah with respect to petitioner's request for an early trial in this State, we hold that this petition for a writ of mandate should be denied. The denial of this petition should in no way be construed as precluding the prosecutor of Delaware County from seeking a dismissal of the charges, at the time when petitioner becomes available for trial. Meeting the requirements of *Smith* v. *Hooey, supra,* does not per se satisfy the defendant's due process and due course rights to a fair trial.

Petition denied.

Arterburn and Givan, JJ., concur; DeBruler, J., dissents with opinion in which Jackson, J., concurs.

## DISSENTING OPINION

DeBRULER, J.—I agree with the dicussion in the majority opinion of the case of *Smith* v. *Hooey* (1969), 393 U. S. 374, 21 L. Ed. 607, including the guidelines set down therein which are hereafter to be used by our courts in implementing the Sixth Amendment right to a speedy trial.

I dissent to the adjudication by this Court of the petitioner's constitutional claim that this State has denied him his Sixth Amendment right to a speedy trial and that he is entitled to have the pending charges against him dismissed and to have the detainer warrant against him withdrawn from the records of the Utah State Prison wherein petitioner is presently incarcerated. The papers in this Court in this case consist of the following:

(1) A jumbled one-page petition prepared without assistance of counsel and signed by petitioner, which petition contains no factual allegations.

(2) A letter of transmittal directed to this Court by the Delaware County Prosecutor to which are attached copies of six letters and the prosecutor's application to the Governor of Indiana for rendition of the petitioner.

One of the letters from the office of the Governor of Utah dated July 2, 1969, reads as follows:

"Dear Mr. Burns          Re: Extradition of
                                     David Taylor Smeltzer

Our Governor's Authorization for Extradition is in the hands of the Records Officer at the Utah State Prison. Your request for transfer of this man to Indiana for trial and return under the Utah State Detainer Agreement has been approved and he is ready at your convenience for transfer.

Sorry we misunderstood the basis of your request for extradition. We will be most happy to cooperate in any way we can to see this through to completion.

Sincerely,

s/Marjorie S. Boyd
Mrs. Marjorie S. Boyd
Extradition Clerk"

It is not possible for me to adjudicate the petitioner's constitutional claim on the basis of what is before this Court. The petitioner's pleading has not been responded to and the legal issues are unclear. We do not know whether we are being asked to review the actions of the Governor of Indiana, the Attorney General of Indiana, the Prosecuting Attorney, or some trial court, or all of them. We do not even know whether this claim has been presented to a trial court. There is no record. There are no affidavits. There are no legal arguments. Would the majority grant this petition for dismissal without giving the State an evidentiary hearing, in the event they felt the petition was well taken in its present form?

In order to put this case in the proper posture for a decision, I would refer the petition to the Public Defender of Indiana and direct her to ascertain whether the petitioner is without funds to employ counsel, and if he is, to represent petitioner's constitutional claim in this and any other court she may deem necessary. I would notify the Attorney General of Indiana and the prosecuting attorney of that referral and request them to respond to petitioner's claim.

Jackson, J., concurs.

NOTE.—Reported in 258 N. E. 2d 647.