JAMES HART *v*. STATE OF INDIANA.

[No. 273S30. Filed February 27, 1973.]

138

*Joseph B. Barker, Kagan and Barker,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

HUNTER, J.—This cause is before us on a Petition to Transfer from the Court of Appeals. It arises out of the criminal prosecution of the Petitioner, James Hart. He was initially charged on April 10, 1969, was eventually tried and convicted of Entering to Commit a Felony and Theft, and on July 26, 1971, was sentenced to concurrent one to ten year terms of imprisonment. An appeal was perfected to the Court of Appeals which affirmed the conviction in an opinion filed August 1, 1972. See *Hart* v. *State* (1972), 285 N. E. 2d 676. After his Petition for Rehearing was denied, Hart filed a Petition to Transfer with the Supreme Court of Indiana.

The issue raised in the Petition is whether Hart was denied a speedy trial. The Court of Appeals held he was not. Hart contends that the Court of Appeals decision contravenes the ruling precedent established in *Fossey* v. *State* (1970), 254 Ind. 173, 258 N. E. 2d 616, and *Smeltzer* v. *State* (1970), 254 Ind. 165, 258 N. E. 2d 647.

The facts on this issue are as follows: The crime occurred on April 7, 1969, and charges were filed against the defendant on April 10, 1969. The defendant Hart, who was also wanted in Florida, was captured in California. On January 15, 1970, the Morgan County Sheriff's Department sent a letter to the San Francisco Police informing them that the defendant was wanted in Indiana. The defendant was returned to Florida on January 29, 1970. On February 16, 1970, the Morgan County Sheriff's Department received a letter from Florida stating that they had received the warrant from Indiana and placed it against the defendant as a detainer.

On March 10, 1970, the defendant learned of the Indiana charges filed against him. He then hired a jailhouse lawyer and with his aid composed a Motion for a Speedy Trial. Defendant signed the motion, had it notarized, and sent copies to the Morgan Circuit Court and to the county prosecutor. The motion was dated March 16, 1970. The motion should have been sent to the Morgan Superior Court instead of the Circuit Court, and the motion was apparently lost in the Circuit Court. The former prosecutor, who was in the office until January 1, 1971, did not remember receiving the motion. However, the current prosecutor indicated that he found the motion in the defendant's file. It therefore seems clear that the motion was received by the prosecutor's office. Neither the prosecutor nor the County Sheriff knew of any attempt to bring the defendant back from Florida between February or March of 1970 and April of 1971, over a year from the time they learned of the defendant's incarceration in Florida and over a year from the time they received notice of the defendant's request for a speedy trial. On April 12, 1971,

the Morgan County Sheriff received a letter from Florida officials indicating that the defendant was to be released on April 30, 1971. At this point steps toward extradition were taken.

On May 6, 1971, Hart waived extradition and was returned to Morgan County for trial. On June 7, 1971, the defendant filed a Motion for Discharge under CR. 4 because the State failed to make any effort to bring defendant to trial for over a year after receiving the Motion for Speedy Trial. After a hearing the Motion for Discharge was overruled.

The Court of Appeals affirmed the denial of the Motion for Discharge. The two bases for the affirmance were that the defendant did not demonstrate that he was prejudiced by the delay and that he filed his motion in the wrong court.

The standards for a speedy trial when the accused is incarcerated outside the State were established in *Fossey* v. *State, supra,* and *Smeltzer* v. *State, supra.* The question is whether the State, after a demand for a speedy trial by the accused incarcerated out of state, makes a diligent and good faith effort to bring the accused before the trial court. The major factors to consider are:

"(1) the length of time which transpires between the demand by the accused for a speedy trial, and the initiation of action by the proper authorities in this State to bring him to trial;

(2) the procedures followed by the State of Indiana in seeking the release of the accused from the jurisdiction in which he is incarcerated; and

(3) The compliance by the officials of the State of Indiana with the pertinent statutory provisions of the law of this state and of the incarcerating jurisdiction." *Smeltzer, supra,* 254 Ind. at 169-170, 258 N. E. 2d at 650.

See also *Fossey, supra,* 254 Ind. at 180-181, 258 N. E. 2d at 620. The important factor in the case at bar is that no attempt was made to bring the defendant before the trial court for over a year after the receipt of a Motion for Speedy

Trial. In fact, no action was taken until the Morgan County Sheriff received notice that Hart was being released by Florida authorities. It appears that only the notice of release prompted *any* action and certainly no action was prompted by the defendant's motion.

The Court of Appeals in its opinion appears very concerned that the defendant did not make a clear showing of prejudice. However, as we noted in *Fossey:*

> "[T]he standard imposed on Indiana courts and prosecutors is stricter than that imposed in the federal system since any delay exceeding the specified time limit is considered a *per se* denial of the 'speedy trial' right." 254 Ind. at 179, 258 N. E. 2d at 619.

The reasons for this rule are sound. It is often impossible to clearly specify exactly the prejudice resulting from the denial of a speedy trial. Memories fade and evidence may be lost, but if the accused's investigation does not begin until months or years after the crime, he may never know what was lost. Such a procedure also acts as an incentive for the State to prosecute its case promptly. Clearly, an actual showing of prejudice was not necessary.

The other basis for the Court of Appeals decision was that the defendant's motion was mailed to the wrong court. However, there is no specific requirement that the Motion must be filed in the court where the cause is ultimately tried. The requirement is only that the accused make a demand of the State authorities. It would seem most important that the prosecutor receive notice of the demand. It is clear that the prosecutor did indeed receive notice of defendant's demand. Since Hart sent the Motion to both the court *and* to the prosecutor he made a sufficient demand for a speedy trial to come under *Fossey* and *Smeltzer,* especially in light of the fact the motion was *pro se.*

Whether or not the State exerted a good faith effort depends on the circumstances of each case. However, we can

look to the facts in *Fossey* and *Smeltzer* for some guidance. In *Smeltzer,* it was held that the State made a good faith effort when it initiated proceedings to bring the defendant before the court six days after receiving notice of the defendant's demand for a speedy trial. *Fossey* involved a delay of seventeen months and the cause was reversed. In the case at bar the delay was about thirteen months, and the State initiated no action until receiving notice of Hart's discharge from Florida prison. The State presented no evidence that extenuating circumstances prevented at least an *attempt* to return Hart to Indiana. Under the circumstances of this case, a lack of a diligent and good faith effort has been demonstrated. The defendant's motion for discharge should have been granted.

We therefore grant Hart's Petition to Transfer and we vacate the opinion of the Court of Appeals. This cause is reversed and remanded to the trial court with instructions to grant Hart's Motion for Discharge.

Petition to Transfer granted and cause reversed.

DeBruler, Givan and Prentice, JJ., concur; Arterburn, C.J. dissents without opinion.

NOTE.—Reported in 292 N. E. 2d 814.