JERRY STOKES *v.* STATE OF INDIANA.

[No. 1-1172A98. Filed August 6, 1973.]

*Joe D. Black,* of Vincennes, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Stokes appeals from a conviction of safe burglary.

On October 19, 1971, Stokes was charged by affidavit with safe burglary. On November 24, 1971, Stokes filed a motion for an early trial pursuant to Criminal Rule 4(B) and on February 9, 1972, filed a Motion to Dismiss for failure to try the cause within fifty (50) judicial days. After hearing argument on the motion, the court took the ruling under advisement and set the cause for trial on March 15, 1972.

On February 25, 1972, the court overruled Stokes' motion to dismiss, finding that Stokes had failed to serve the Prosecuting Attorney with a copy of his request for early trial. Counsel for Stokes subsequently petitioned for reconsideration of his motion to dismiss and filed an affidavit stating that to the best of his knowledge, a copy of the motion for early trial had in fact been served upon the Prosecutor. The petition was overruled.

Trial of the cause resulted in a deadlocked jury. Upon retrial on May 1, 1972, the jury found Stokes guilty as charged. He was subsequently committed to the custody of the Department of Corrections for a term of not less than five (5) nor more than ten (10) years.

Stokes timely filed his Motion to Correct Errors which was overruled, and this appeal follows.

The first issue presented for review is whether the trial court erred in overruling Stokes' motion to dismiss for failure to try the cause within fifty (50) judicial days.

Criminal Rule 4(B) provides as follows:

"If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty (50) judicial days from

the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such fifty (50) judicial days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule."

Stokes argues on appeal that even assuming no service on the Prosecutor, the same is not required since Trial Rule 5, requiring service of papers, applies only to civil cases. However, we would direct Stokes' attention to Criminal Rule 18 which provides:

"Unless the court, on motion or of its own initiative orders otherwise, a copy of every pleading and motion, and every brief submitted to the trial court, except trial briefs, shall be served personally or by mail on or before the day of the filing thereof upon each attorney or firm of attorneys appearing of record for each adverse party. Handing a copy to an attorney or leaving it at his office with the clerk or other person in charge thereof shall be considered as personal service."

The more narrow question for determination in this appeal is whether Stokes' failure to serve a copy of his motion for an early trial on the Prosecuting Attorney was a fatal defect requiring the trial judge to overrule the motion to dismiss.

An examination of the Indiana criminal rules and case law sheds little light on this question. However, we take note of the recent Supreme Court decision, *Hart* v. *State* (1973), 260 Ind. 137, 292 N.E.2d 814. In that case a copy of the motion for speedy trial was served upon the Prosecuting Attorney, while the original was directed by mail to the wrong court. Nevertheless, our Supreme Court reversed and remanded the cause to the trial court with instructions to grant Hart's motion for discharge pursuant to CR. 4.

In the case at bar, Stokes' motion for an early trial was filed in the Circuit Court on November 24, 1971. It was then incumbent on the judge to set the cause for trial within fifty (50) judicial days pursuant to CR. 4. However, the record reveals no court action on the motion prior to the filing of Stokes' motion to dismiss. A trial date was not set until the argument on the motion to dismiss.

The record is silent as to why the court took no action upon Stokes' motion for early trial. Subsequently the court assigned failure of service upon the Prosecutor as his reason for overruling the motion to dismiss.

CR. 4 is clearly mandatory, employing the language, "shall be discharged." In view of the decision in *Hart, supra,* where the motion was not even served on the proper court, apparently nothing will prevent the rule's operation save its own "built-in" exceptions. Neither have these exceptions been mentioned, nor are they applicable in the case at bar.

Failure to serve the motion for early trial upon the Prosecutor should in no way prevent the judge from setting the cause for trial. Hence, the failure to serve the motion should not be determinative of this case.

We therefore hold that the trial court erred in overruling Stokes' Motion to Dismiss for failure to try within fifty (50) judicial days.

Due to the above finding, it is unnecessary to consider Stokes' remaining assignments of error in this appeal.

Cause reversed and remanded to the trial court with instructions to grant Stokes' Motion to Dismiss, and defendant is hereby ordered discharged.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 299 N.E.2d 647.