JIMMIE L. COOLEY v. STATE OF INDIANA.

[No. 3-1175A241. Filed February 16, 1977. Rehearing denied April 5, 1977. Transfer denied June 15, 1977.]

*James V. Tsoutsouris, John F. Hoehner,* of Valparaiso, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GARRARD, J.—Appellant Cooley was convicted of first degree burglary and was sentenced accordingly. IC 1971, 35-13-4-4(a). He urges four contentions on appeal: (a) error in denying a motion for discharge; (b) error in refusing an instruction; (c) error in computing the proper credit for time served; and (d) insufficiency of the evidence. We affirm.

## I.   Sufficiency of Evidence

We need not recount the facts of the case except to say that it was amply demonstrated that the burglary was committed and that its commission was witnessed by two employees of General Telephone Company. Both employees had ample opportunity to observe the perpetrator of the offense and both identified Cooley at trial as the person they had observed, talked to and whose auto license number they had written down. Cooley's argument that the jury could not find their identifications sufficient since more than two years had elapsed between the date of the offense and the date of the trial merely seeks to have us redetermine credibility.[1] This we may not do.

---

1.   Both employees observed Cooley for some period of time and both had their suspicions aroused at the time. Cooley discovered their presence, came to them and engaged in conversation with them for several minutes during which he told them there was an old man in the house

## II.  Discharge for Delay

The offense occurred July 27, 1972. Cooley was arrested and was released on bail on August 7, 1972. On August 28, he failed to appear and on August 30, 1972, an alias warrant was issued for him. It was subsequently discovered that he had been apprehended in Illinois and was serving a sentence in the Illinois State Penitentiary. On April 3, 1974, Cooley filed a motion in Indiana seeking discharge for want of a speedy trial, or in the alternative requesting the case "be disposed of under the Uniform Extradition Act." On July 11, 1974, Cooley was parolled by the Illinois authorities and was returned to Indiana to stand trial on the burglary charge. On August 26, Cooley filed a second motion for discharge, which was denied. He sought reconsideration of that ruling and then petitioned the Indiana Supreme Court to mandate his discharge. Both these applications were denied. On November 19, 1974, he moved for a speedy trial. Trial commenced January 20, 1975.

The errors asserted by Cooley on appeal are that he was entitled to discharge under Indiana Rules of Procedure, Criminal Rule 4(C) based upon either the date of his arraignment or the date Indiana authorities learned of his incarceration in Illinois; and that he was entitled to discharge under Criminal Rule 4(B) for the failure to hold a speedy trial based upon his motion of April 3, 1974. (Appellant's brief, pp. 55, 56.)

In considering these contentions we first point out that appellant has erred in his brief in asserting applicability of the present language of CR. 4(C) and (B). As we pointed out in *State* v. *Moles* (1975), 166 Ind. App. 633, 337 N.E.2d 543 regarding the various amendments to CR. 4, a specific allegation of a violation of the rule is to be determined upon the basis of the content of the rule paragraph which was applicable when the operative event occurred.

---

across the street who needed his television repaired. At trial one employee was "pretty sure" that Cooley was the man. The other was "absolutely sure; there is no doubt in my mind."

Furthermore, it should be borne in mind that while CR. 4 is intended to implement speedy trial, the rule is not itself a constitutional guarantee and does not cover all aspects of the constitutional right.[2] *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179; *Collins* v. *State* (1975), 163 Ind. App. 72, 321 N.E.2d 868.

The version of CR. 4(C) applicable to Cooley provided,

"(C) Defendant on recognizance. No person shall be held by recognizanze to answer an indictment or affidavit, without trial, for a period embracing more than one year continuously from the date on which a recognizance was first taken therein; but he shall be discharged except as provided by subdivision (A) of this rule."

The applicable version of subdivision (A) excluded delays caused by an act of the accused.

In Cooley's case he was not "held by recognizance" after his bond was revoked for failure to appear at the hearing of August 28, 1972. Even assuming that the date of August 8, 1972, when he was let to bail, commenced the time to run, he would still not be entitled to discharge under CR. 4(C) since the period from August 28, 1972, when he failed to appear and left the court's jurisdiction, until July 11, 1974, when he returned to Indiana, constituted delay caused by acts of the accused. *Accord, Smeltzer* v. *State* (1970), 254 Ind. 165, 258 N.E.2d 647; *Bewley* v. *State* (1966), 247 Ind. 652, 220 N.E.2d 612.

A similar problem arises in his reliance on CR. 4(B). The applicable language provided,

"(B) Defendant in jail—Motion for early trial. If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within fifty [50] judicial days from the date of such motion, except. . . ."

When Cooley filed his motion on April 3, 1974 requesting discharge or extradition, he was *not* being held in jail "on an

2. That CR. 4 is not the only source of a right to speedy trial, *see*, *Hart* v. *State* (1973), 260 Ind. 137, 292 N.E.2d 814 as discussed *infra*.

indictment or affidavit" as required for CR. 4(B) to apply. He was being held in prison, but not with respect to this charge. That the State of Illinois incarcerated him for a different offense did not entitle him to the operation of CR. 4(B). *See, Bewley, supra; Finton* v. *State* (1963), 244 Ind. 396, 193 N.E.2d 134.

While the foregoing disposes of the appellant's express specifications, the argument portion of his brief makes it clear that he is seeking to assert his right to speedy trial guaranteed by the Sixth Amendment and by Article 1, Sec. 12 of the Indiana Constitution.

These guarantees exist even in situations not covered by CR. 4 and apply to an accused who may be incarcerated in another state for a different offense. *Smith* v. *Hooey* (1969), 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607; *Napiwocki* v. *State* (1971), 257 Ind. 32, 272 N.E.2d 865.

However, the perimeters of the constitutional right are not as distinct or inflexible as those provided by rule. Assessment of the constitutional right depends instead upon a consideration of the particular facts of a given case including the length of delay, the reason for delay, the defendant's assertion of his right and whether the government made a good faith effort to afford a speedy trial, and prejudice to the defendant. *Barker* v. *Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; *Hart* v. *State* (1973), 260 Ind. 137, 292 N.E.2d 814; *Fossey* v. *State* (1970), 254 Ind. 173, 258 N.E.2d 616; *Collins* v. *State* (1975), 163 Ind. App. 72, 321 N.E.2d 868.

When an accused is not promptly tried because he was already incarcerated on a different charge, Indiana decisions have first examined the total time lapse until trial is held, whether the accused demanded trial, and if he did, what the state did thereafter. *See, Hart* v. *State, supra; Smeltzer* v. *State, supra; Fossey* v. *State, supra; Napiwocki* v. *State, supra.*

Here the total time elapsed from Cooley's original arrest until his trial was approximately 29 months. Although he had been arrested and arraigned upon the burglary charge before absenting himself from the state, he made nothing that could be construed as a demand for speedy trial until he moved for discharge on April 3, 1974. While at that point the state did nothing to procure his temporary return to Indiana for trial, that inaction is explained by the state's knowledge that Cooley was to be parolled in Illinois in three more months. As soon as Illinois released him, he was returned to Indiana for trial. Trial was then had within six (6) months despite the delay occasioned by his subsequent petitions for discharge addressed to the trial court and to our Supreme Court. Moreover, there is no suggestion that Cooley was unable to obtain any evidence on his behalf due to the time lapse. Under these circumstances we find his constitutional gurantees of speedy trial were not violated.

## III. Instruction

Defendant's tendered instruction No. 1 stated,

"You are hereby instructed by the Court that the identity of the defendant must be proven with that degree of moral certainty that amounts to proof beyond a reasonable doubt so as to preclude any probability of a mistake having been made.

Further, certainty of identification may indicate not strength, but weakness of the power to identify and of the reliability of the witness."

The court gave the first paragraph of this instruction but rejected the second. This action was correct.

The second paragraph as constructed is confusing and misleading. A witness' demeanor in appearing overcertain and obstinate as to matters which human experience indicates are not likely to be recalled with precision or without any possibility of error, may be a proper factor to consider in judging his credibility. However, certainty itself does not connote weakness as the instruction contends.

Moreover, under the evidence, this paragraph of instruction wash directed solely at witness Simmons who expressed certainty in his identification of Cooley. Credibility instructions should be general in nature and applicable to all witnesses. When such an instruction singles out a particular witness it invades the province of the jury and should be refused. *Evans* v. *State* (1973), 261 Ind. 148, 300 N.E.2d 882; *Cherry* v. *State* (1972), 258 Ind. 298, 280 N.E.2d 818.

### IV. Credit -for Time Served.

Appellant argues that under IC 1971, 35-8-2.5-1 he was entitled to credit for the time he served in the Illinois penitentiary either from the date Indiana authorities discovered he was there, or from the date of his motion of April 3, 1974.

We have already answered this contention adversely to Cooley in *Smith* v. *State* (1975), 165 Ind. App. 37, 330 N.E.2d 384. The statute applies only to time spent in confinement "as a result of the criminal charge for which sentence is imposed or as a result of the conduct on which such charge is based." The time Cooley seeks credit for was based upon a totally different offense which occurred in Illinois.

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 360 N.E.2d 29.