## STATE OF INDIANA *v.* SAMUEL LASLIE

[No. 1-478A97. Filed October 24, 1978. Rehearing denied November 14, 1978. Transfer denied March 27, 1979.]

*Theodore L. Sendak,* Attorney General of Indiana, *Michael Gene Worden,* Deputy Attorney General, for appellant.

*Howard B. Lytton, Jr., Steven E. Ripstra, Lytton and Ripstra,* for appellee.

ROBERTSON, J. — Plaintiff-appellant State of Indiana (State) appeals from the trial court's grant of the defendant-appellee Samuel Laslie's (Laslie) Motion for Discharge.

We affirm.

At all times relevant herein, Laslie was serving time on a previous charge in the Indiana State Prison, Michigan City, Indiana. Laslie was indicted for separate offenses on December 30, 1976, and was served with an arrest warrant on January 10, 1977. On March 17, 1977, Laslie filed a *pro se* motion entitled "Motion for Speedy and Early Trial" but erroneously denominated the motion as being pursuant to Ind. Rules of Procedure, Criminal Rule 4(A) instead of CR. 4(B). On August 4, 1977, Laslie filed another motion for early trial and correctly based it on CR. 4(B). Arraignment was scheduled for August 23, whereupon defendant filed his Motion for Discharge (this time by counsel) based on the fact

that seventy [70] days had elapsed sinced the filing of his March 17 motion and no trial date had been set. The trial court granted the motion, and the State perfected this appeal.

The State alleges error on the ground that Laslie's misplaced reliance on CR. 4(A) in his March 17 motion precluded the grant of his Motion for Discharge pursuant to CR. 4(B). We disagree. The March 17 motion stated:

> Now comes Samuel Laslie, Petitioner before this Honorable Pike County Circuit Court . . . and respectfully move [sic] this Court to grant an *early trial pursuant to the applicable rules of procedure.* Namely, Criminal Rule (4)(a) . . . . [emphasis added].

Laslie's prayer recited:

> "WHEREFORE, Petitioner prays for an order of this Court dismissing the above entitled cause, *or in the alternative Order that petitioner be forthwith taken before this Court for trial* . . . . [emphasis added].

Laslie filed a memorandum in support of this motion which emphasized the right of an accused to a speedy trial. Under the facts of this case, the motion and memorandum sufficiently informed the court as to the intended request of Laslie. We should not require a *pro se* motion to conform with exactitude to that which would be expected of experienced legal counsel. *See e.g. Zurita v. United States* (7th Cir. 1969), 410 F.2d 477, 480; *Weaver v. Pate* (7th Cir. 1968), 390 F.2d 145, 147. Upon the filing of the March 17 Motion, it was incumbent upon the trial court to set the trial date within seventy [70] days. CR. 4(B); *Stokes v. State* (1973), 157 Ind.App. 273, 299 N.E.2d 647. Therefore, the State's contention in this respect is without merit.

The second issue raised by the State is, so far as we are able to discern, a question of first impression in this State. We must decide if Ind. Rules of Procedure, Criminal Rule 4(B), mandates the dismissal of charges against a defendant incarcerated *in this State* on a prior charge if the defendant is not brought to trial within seventy days after a demand for a speedy trial on a pending charges. In *Klopfer v. North Carolina* (1967), 386 U.S. 213, the Sixth Amendment guarantee of a speedy trial under the United States Constitution was declared enforceable against the states under the Fourteenth Amendment. *Fossey*

*v. State* (1970), 254 Ind. 173, 258 N.E.2d 616. The Indiana Constitution also demands the speedy administraton of justice, and this dictate has been implemented by our Rules of Criminal Procedure. *Fossey, supra.* CR. 4 establishes a more stringent standard by specifying concrete time limits within which the State must act. Failure to do so in proper cases results in a *per se* violation of the accused rights to a speedy trial. *Fossey, supra.*

> An accused, therefore, has two distinct but related rights to have the processes of justice move deliberately toward the end of obtaining a trial within a reasonable and agreeable time — one right is guaranteed by the Constitution and one by the implementing CR. 4. A violation of CR. 4 is a *per se* violation of the accused's constitutional right to a speedy trial. *Fossey v. State*, (1970) 254 Ind. 173, 258 N.E.2d 616.

*State v. Moles* (1975), 166 Ind.App. 632, 337 N.E.2d 543, 552.

Prior to *Fossey*, we would not entertain an incarcerated defendant's complaint that he was not provided a speedy trial after his demand. *See Bewley v. State* (1966), 247 Ind. 652, 220 N.E.2d 612; *State v. Hadden* (1967), 248 Ind. 422, 234 N.E.2d 499. The United States Supreme Court in *Smith v. Hooey* (1969), 393 U.S. 374, however, declared that the Sixth Amendment guarantees were applicable to defendants serving time for a previous conviction. The *Fossey* court therefore overruled *Bewley, supra*, and *Hadden, supra*, insofar as they denied an imprisoned accused the right to a speedy trial. *See Smith v. State* (1977), 267 Ind. 167, 368 N.E.2d 1154, 1156.

Thus far, however, an imprisoned accused has only enjoyed the protection of the Sixth Amendment. If the accused is incarcerated in *another* state or under federal authority, the *per se* rule embodied in CR. 4(B) is not activated. Rather, under *Hooey*, the *Fossey* court declared that after a demand for a speedy trial, the dispositive issue is whether the State makes a diligent good-faith effort in bringing the accused to trial. In this determination, the court in *Hart v. State* (1973), 260 Ind. 137, 292 N.E.2d 814, reaffirmed the following factors:

'(1)  the length of time which transpires between the demand by the accused for a speedy trial, and the initiation of action by the proper authorities in this State to bring him to trial;

(2) the procedures followed by the State of Indiana in seeking the release of the accused from the jurisdiction in which he is incarcerated; and

(3) the compliance by the officials of the State of Indiana with the pertinent statutory provisions of the law of this state and of the incarcerating jurisdiction.' *Smeltzer [v. State* (1970)], *supra,* 254 Ind. [165] at 169-170, 258 N.E.2d [647] at 650.

*See also Fossey [v. State,* (1970)], *supra,* 254 Ind. [173] at 180-181, 258 N.E.2d [616] at 620.

260 Ind. at 140, 292 N.E.2d at 815-16.

These holdings were recently affirmed in *Smith v. State, supra.*

Our Supreme Court has held that an accused incarcerated in *this* State may not avail himself of CR. 4(A). *Napiwoki v. State* (1971), 257 Ind. 32, 272 N.E.2d 865; *State ex rel. Johnson v. Kohlmeyer* (1973), 261 Ind. 244, 301 N.E.2d 518. Therefore, an accused incarcerated on a prior charge may not invoke CR. 4(A), and if incarcerated in another jurisdiction, he cannot implement CR. 4(B). Thus, we reach the issue of whether an accused imprisoned in this State may avail himself of the mandate of CR. 4(B).

On balance, we believe an accused incarcerated in *this* State may enjoy the protection of CR. 4(B). We are cognizant of the fact that prior cases denying an Indiana accused the right to invoke CR. 4(A) were premised on the language of CR. 4(A) that "No defendant shall be detained in jail on a charge" relates only to the *pending* charge and thus incarceration on a prior charge does not invoke the six month rule. *See State ex rel. Johnson, supra.* By analogy, it could be argued that the similarity of the language in CR. 4(B) requires a like result.[1]

However, our Supreme Court stated in *Smith v. State, supra,* that the applicability of CR. 4(B) to an accused within the exclusive custody of Indiana "may be reasonable," but concluded it should not apply to out-of-state prisoners because of "certainty and ease of administration

---

1. When we decided *Cooley v. State* (1977), 172 Ind.App. 199, 360 N.E.2d 29, we did not have the benefit of *Smith v. State, supra.* There, our reliance on *Bewley, supra,* was dubious at best. Nevertheless, insofar as it was based on the unavailability of CR. 4(B) to an out-of-state prisoner, we leave the holding undisturbed. *Fossey, supra; Hart, supra.*

of the rule." 368 N.E.2d at 1156. The emphasis on the *administration* of the rule is also clear from the factors to be considered for out-of-state prisoners under *Hart, supra*. Clearly, two of the three factors apply to the contingencies involved in disturbing the criminal administrative process of other jurisdictions. These uncertainties are not present when the State has ready access to the accused and bringing him to trial will have no deleterious effect on the State administration of justice. Therefore, we hold that an accused incarcerated by Indiana on a prior offense may in proper cases, invoke the mandate of CR. 4(B).[2]

In anticipation of our result today, the State argues that Laslie waived his demand on the authority of *Utterback v. State* (1974), 261 Ind. 685, 310 N.E.2d 552. The time limit of CR. 4(B) must be triggered by a defendant's motion for early trial. *Utterback, supra*. Once the motion is filed, if a trial date is set *after* the permissible time limit, then the defendant must object and bring this fact to the attention of the trial court. Failure to do so constitutes a waiver. *Utterback, supra*.

In this case, however, no trial date was ever set. The State never contested Laslie's motions until after a hearing was held thereon. CR.4 does not require the defendant to take affirmative action after filing a proper motion. Waiver merely precludes a defendant's acquiescence in a trial court's error in setting an untimely trial date. *See Wilson v. State* (1977), 172 Ind.App. 696, 361 N.E.2d 931. This rule applies to both CR. 4(A) and CR. 4(B). *Utterback, supra*.

Finding no reversible error, the trial court is in all respects affirmed.

Lowdermilk and Young, JJ., concur.

NOTE — Reported at 381 N.E.2d 529.

---

2. This holding conforms to the dicta in *Springer v. State* (1978), 175 Ind.App. 400, 372 N.E.2d 466, 470.